Powell and Wife *v.* Riley.

E. D. POWELL and WIFE *v.* A. K. RILEY.

1. ARBITRATION. *Award. Evidence.* Under a submission to arbitration, authorizing the arbitrators to hear proof offered by the parties on the questions involved and make their award according to the law and the evidence, the arbitrators are not required to file with their award the evidence on which they acted, nor to reduce the evidence to writing, nor can the parties bring the evidence before the court. The arbitrators are the exclusive judges of the facts which the evidence establishes.

2. SAME. *Judges of facts and law.* A submission which does not reserve to the court the power of revision makes the arbitrators the judges of the law as well as the facts, and they need not state the grounds of their decision; but if the arbitrators state the facts in their award and their deduction of law, showing that they intended to be governed by the law, it is for the court to say whether they have drawn proper conclusions.

3. SAME. *Exceptions to award.* The exceptions to·an award must specifically point out the objection relied on.

4. PARTITION. *Heirs. Right of the parties.* Heirs, between whom partition of lands descended has been made, take in severalty the estate allotted, with the rights, privileges and incidents inherently attached to it; and therefore one heir to whom has been allotted the upper part of a farm on a river, through the whole of which farm a ditch for the purpose of drainage had been dug and kept open by the common ancestor, is entitled to have the ditch kept open through the lower allotment of a part of the farm to another heir.

FROM HAWKINS.

Appeal from the Chancery Court at Rogersville. C. J. ST: JOHN, Ch.

MCDERMOTT & KYLE for complainants.

F. M. FULKERSON, A. D. HUFFMASTER and W. P. GILLENWATERS for defendant.

COOPER, J., delivered the opinion of the court.

In the partition of the lands of the estate of their father, made by the county court in 1881, certain land on the Holston river was allotted to the complainant, Mary E., wife of E. D. Powell, and a portion of the same tract immediately below on the river was allotted to the defendant, A. K. Riley. The father during his life had dug and kept open a large ditch through the land constituting the two allotments, parallel to the river, for the purpose of draining the land, which was wet and marshy, and of carrying off the water coming from some springs on the hills above. The defendant partially closed the ditch on his part of the land, thereby impeding the drainage. This bill was filed for the purpose of enjoining the defendant from obstructing the ditch, to settle a boundary between the parties in accordance with their written agreement, and to establish a right of way given by the partition decree to the complainants over the defendant's land. The defendant answered, admitting that he had partially filled the ditch on his land, and that complainants were entitled to a right of way, which he was willing might be laid off by the court. He also expressed his willingness to abide by the boundary line to be settled under the agreement of the parties.

In this situation of the case, the issues raised by the pleadings were, by consent of the parties, in the form of a decree entered in the cause, referred to the arbitrament of three lawyers named, the decision

Powell and Wife *v.* Riley.

of whom, or any two of them, was to be made the decree of the court, unless for good reason it should be set aside and rejected. The arbitrators were authorized, after giving notice of the time and place of hearing, to "hear the proof offered by the parties bearing upon the questions involved, and make their award according to the law and the evidence." The arbitrators heard the proof, upon notice, and made their unanimous award in writing upon the issues raised by the pleadings. The defendant excepted to the report upon the following grounds:

First. The arbitrators failed to file the evidence, if any they had, on which the award is based.

Second. The award is not supported by, or according to, the evidence in the case, as required by the order of reference.

Third. The order of reference required the arbitrators to make their award according to the law, and the same is made contrary to the law.

The chancellor overruled the exceptions, and the motion based thereon to reject the award, and entered a decree in accordance with the award. The defendant appealed.

The submission does not require the arbitrators to file with their award the evidence on which they acted, nor to reduce the evidence to writing. They are merely to "hear the proof offered." And it is obvious that if the court is to act upon the proof, the very object of the arbitration would be annulled, which was to have the decision of judges selected by the parties themselves. It is not only not the duty

of arbitrators to bring the evidence on which they act before the court, but they are not permitted to do so; nor can the parties, although they stipulate in the submission for the right of appeal: *Bone* v. *Rice,* 1 Head, 149. The evidence can only be used, when pertinent, to sustain an application, upon some matter *dehors* the award, to set aside the proceedings of the arbitrators on some ground which vitiates their action: *Elliott* v. *Bass,* 4 Baxt., 354.

The second exception, that the award is not supported by the evidence, is not well taken for the double reason that the evidence is not before us, and that the arbitrators were the exclusive judges of the facts which the evidence established, in the absence of fraud or improper conduct on their part. And there is not the slightest attempt to impeach their integrity or good faith.

The third exception is that the order of reference required the arbitrators to make their award according to law, and the same is made contrary to the law. But the submission makes the arbitrators the judges of the law, as well as of the facts, and does not reserve to the court the power of revision. The arbitrators were not bound to state, and might not have stated, the grounds of their decision, in which event the presumption would be that they had decided according to law. If, however, the arbitrators state the facts in the award, and their deduction of law, showing that they intended to be governed by the law, it is for the court to say, according to our decisions, whether they have drawn the proper conclu-

sions: *Nance* v. *Thompson*, 1 Sneed, 321; *State* v. *Ward*, 9 Heis., 100.

The exception under consideration is defective in not specifically pointing out the objection to an award embracing several independent particulars: *Elliott* v. *Bass*, 4 Baxt., 354; *Powell* v. *Ford*, 4 Lea, 278, 287. The objection made in argument is to the award in the matter of the ditch. The arbitrators, in this part of the award, report the facts to be as hereinbefore set forth. They find that the ditch so dug, used and kept by the father of the complainants and defendant, was in existence and use at the time of said partition; that, since the partition, the complainants have continued to use and keep open the portion of the ditch in their allotment for the purpose of draining the water from the springs, as well as the surface water, which collects on the bottom and on portions of the defendant's land, and carrying it all through the lower section of the ditch, which runs through the defendant's bottom land, and on to the river below; and that defendant also used and kept open his section of the ditch for the same purpose, as well as to drain his own land, until recently, when he filled it up just at and below the division line between the two shares, so as to obstruct the flow of water from the upper section, and throw it back, and cause it to overflow complainants' land above, to their damage and detriment. The arbitrators, upon the facts, decide and award that each of the parties took the land allotted, previously held by them as tenants in common, subject to the rights, privileges and in-

-cidents attached thereto at the time of the partition; that defendant took his share subject to the right of complainant to have said ditch kept open for the purposes for which it has been used for years; that defendant had no right to fill up and obstruct the same as he had done; that the obstruction should be removed and abated, and that defendant should be perpetually enjoined from obstructing and filling it up in any manner.

No argument is submitted on behalf of the defendant to show that the conclusion thus reached is not warranted by the facts. The objection made in the brief of counsel, and sought to be sustained by the affidavits introduced on the motion of the defendant, is that the interference of the ditch with the working of the land, and the five dollars annual cost of keeping the ditch open are burdens on the defendant. It is not shown, however, nor does it appear that the burden will exceed the benefit to the defendant's own land of keeping open the ditch. He was careful to put his obstruction right at the boundary line between him and complainants, and the presumption would seem to be that the residue of the ditch was of benefit to his land, and would be kept open. Be this as it may, and conceding that the ditch is a burden, the real question is whether the complainants were not entitled, upon the facts found by the arbitrators, to the ditch on the defendant's land, and to enjoin him from obstructing it.

"The doctrine is broadly stated," says Mr. Washburne, "that, upon the severance of a heritage by a

grant of a parcel of it, the grant will, by implication, pass all those continuous and apparent easements which have in fact been used by the owner during the unity of ownership and possession, though they have no legal existence as proper technical easements. And in applying this doctrine, it is competent to show, by parol, what has been used and were in use as appurtenances of the estate at the time of the conveyance": Wash. on Easements, 75, 3rd ed.; *Kenyon* v. *Nichols*, R. I., 411. See also *Brown* v. *Berry*, 6 Cold., 98. And the doctrine has been applied expressly to ditches dug and used for the benefit of a large body of land subsequently sold off in parcels: *Elliott* v. *Rhett*, 5 Rich., 405; *Curtis* v. *Ayroult*, 47 N. Y., 73; *Shaw* v. *Etheridge*, 3 Jones, 300. And the like rule, for a still stronger reason, has been held to apply in the partition of land among heirs and tenants in common: *Burwell* v. *Hobson*, 12 Gratt., 322; *Brakely* v. *Sharp*, 2 Stockt., 206. For tenants in common, who have made partition of their estates, take in severalty the estate allotted with the rights, privileges and incidents inherently attached to it, rather than as grantors and grantees: *Johnson* v. *Jordan*, 2 Metc., 234.

The chancellor's decree must be affirmed, and the defendant will pay the costs of this court. The costs of the court below will be paid as directed by the chancellor.