JOHNSON et ux. v. HEADRICK et ux.—237 S. W. (2d) 567.

Eastern Section.   September 17, 1948.

Petition for Certiorari denied by Supreme Court, June 27, 1949.

Nathan Orris Hale, of Knoxville, for appellants.

Cecil D. Meek, S. E. Hodges, both of Knoxville, for appellees.

GOODMAN, J. Appellees, complainants below, sought by their original bill to establish an implied reservation of easement or right of way over the property of the appellants. They, in substance, averred that by deed dated November 20, 1934, of record in Deed Book 573 at Page 345 of the Register's Office of Knox County, Tennessee, they acquired title to Lots Nos. 2 and 3 in Block "E" of Forrest Park Addition in Knoxville, Tennessee, said lots containing ten acres more or less; that there was a residence located on said property at the time of purchase accessible to Sharp Avenue, now Crozier Street, by means of a private easement or right of way which had been established several years prior thereto; that by deed dated September 16, 1938 and recorded in Deed Book 590 at Page 553 of the Register's Office of Knox County, Tennessee, they conveyed to the defendants, Elmer Johnson and wife, Willie Johnson, 3.76 acres of said property, bounding on Crozier Street and embracing the residence afore referred to; that on the same

date, by deed of record in Deed Book 594 at Page 563, of the Register's Office of Knox County, Tennessee, they conveyed to Oscar Hall and wife, Eunice Hall, another tract also bounding on Crozier Street; that by deed dated August 2, 1945, of record in Deed Book 695 at Page 275 in the Register's Office of Knox County, Tennessee, they conveyed to Flora Hicks another portion of their said land bounding upon Crozier Street containing five acres, more or less; that they still own a small parcel in the Northwest portion of the original tract purchased by them, which is improved by a small house or converted garage, now occupied by their tenants, situated about 200 feet from defendants' residence; that entry over the Hicks and Hall tracts, conveyed by them, is not practicable and that the only means of ingress and egress to their said remaining tract is over the roadway running from Crozier Street and in front of the Johnson residence to their property; that a reservation of such right of way was discussed between the parties at the time of the conveyance to the defendants, and that the latter had stated that such a reservation would not be necessary, that such roadway would be open to them; that for a period of more than seven years subsequent to the date of their conveyance to the defendants complainants were permitted to use said roadway, but that a few months prior to the filing of the bill said roadway was blocked by the defendant, Julian Hackney, son of the defendants, Elmer and Willie Johnson, who placed a trailer across said roadway and built a fence around it, thus depriving complainants of the only means of ingress and egress to their property.

Defendants, in their answer, denied that the only means of ingress and egress open to the plaintiffs was over said roadway. They averred that the complainants

still own a 15½ foot frontage on Crozier Street, and that for little expense a roadway could be constructed over this property or over frontage on Crozier Street sold to Hicks or to Hall; that the permission granted to complainants to use their driveway was prompted through neighborliness and in order to enable them to get water; that it was their understanding that the same would be used until the complainants were able to build their house on Crozier Street; but that complainants having constructed said residence, sold the property, upon which it was located, to Flora Hicks.

The case was heard upon oral testimony by agreement of the parties and the court decreed complainants, their agents, tenants and servants, the permanent right ". . . to use and travel over, along and upon said old right of way, easement or passway, leading from a point on the North side of Crozier Street about where midway dead ends into Crozier Street, thence in a Northerly and Northwesterly direction to a point where said roadway, easement or passway intersects the property line of the complainants, Headrick and wife, as a means of ingress and egress to and from the property of the complainants lying North or Northwest of the property the defendants, Johnson and wife, . . .". The defendants and their agents and servants were perpetually enjoined from in any manner obstructing the free passage of complainants, their agents and servants, in their use of said driveway or passway, and the defendants were directed to remove from said driveway any fences, wires or other obstructions that may now obstruct the free passage of said driveway or passway.

To this action of the court, the defendants have prayed and perfected an appeal to this court.

■ We do not find the proof to sustain an easement or right of way by adverse user, possession or prescription, Bowles v. Chapman, 180 Tenn. 321, 175 S. W. (2d) 313, therefore, the case here turns upon the question of whether or not, under the facts presented, an implied reservation of easement is established within the purview of the prevailing rule. In 17 Am. Jur., "Easements", pp. 945, 946, it is said, "It is a well settled rule that where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another part, which servitude, at the time of the severance, is in use and is reasonably necessary for the fair enjoyment of the other part of the estate, then upon a severance of ownership, a grant of the right to continue such use arises by implication of law." Continuing, this same authority states, "Various elements are essential to create an easement by implication upon the severance of the unity of ownership in an estate. They are: (1) A separation of the title; (2) Necessity that, before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be permanent; and (3) Necessity that the easement be essential to the beneficial enjoyment of the land granted or retained. Another essential is sometimes added to these—namely, that the servitude be continuous, as distinguished from temporary or occasional." p. 948. See also 28 C. J. S., Easements, Section 31. Although in some jurisdictions the establishment of strict necessity is required, the prevailing rule appears to be that reasonable necessity only is requisite to the creation of an easement by implication. Although our Tennessee cases do not hold to the rule of "strict" or "absolute" necessity, they do require that an easement, to arise by impli-

cation or implied reservation, be ". . . of such necessity that it must be presumed to have been within the contemplation of the parties." LaRue v. Greene County Bank, 179 Tenn. 394, 166 S. W. (2d) 1044, 1049, Harris v. Gray, et ux., 28 Tenn. App. 231, 188 S. W. (2d) 933; Bowles v. Chapman, supra; Rightsell v. Hale, 90 Tenn. 556, 18 S. W. 245; Powell v. Riley, 83 Tenn. 153; Brown v. Berry, 46 Tenn. 98. An implied grant is more readily recognized than an implied reservation, Am. Jur., supra, p. 957, and in some jurisdictions it is held that a grantor is not entitled to a reservation by implication if he has other means of access, however inconvenient, see Annotations, 5 A. L. R. 1557; 34 A. L. R. 240, 100 A. L. R. 1327, but, as aforestated, we do not adhere to strict or absolute necessity. Harris v. Gray, supra.

■ ■ The Chancellor in his opinion, in substance, found that at the time of the sale to the defendants, complainants were using the roadway, which was that portion of land that would be Midway street, if extended, on up to the small house or garage located upon the property retained by them; that it was impracticable to construct a road over the Hall or Hicks properties; that it was contemplated from the time of the sale to the defendants that continued use of the right of way by complainants would be permitted; and that controversy over its use arose through a rift in the social intercourse of the two families. We concur in these findings.

It appears, from the proof, that this roadway was used for some twenty years prior to the institution of the suit; that a portion of it, at least, has been scraped and rocked by the City of Knoxville and otherwise improved; that it was used by complainants as a means of ingress and egress to their property from the date of the deed to de-

fendants, September 16, 1938, until a few months prior to the filing of the bill on October 21, 1946. At one time a gateway had been across the road at the Crozier Street entrance, but that it deteriorated to the state that it was torn down or fell down. There is some proof of an express, though oral, agreement between the parties, made at the time of the conveyance to defendants, as to continued use by the complainants, which defendants insist was restricted to use to obtain water until otherwise available, and which the complainants contend was general. Certainly, such evidence would be competent, at least for the purpose of showing that a purchaser was cognizant of the existence of a way of necessity across the premises he was acquiring. Brown v. Berry, supra. And, regardless of the legal effect or extent of such an agreement, evidence thereof serves to strengthen the implication of reservation sought to be established by the complainants.

■■ As aforestated, there appears to be insufficient basis for the establishment of prescriptive rights in favor of complainants in the roadway,—this despite the long use thereof, under the circumstances related, both prior and subsequent to defendants' purchase of the land traversed by it. But, on the other hand, neither the proprietary rights shown to have been exercised by the defendants in connection with the road, nor the obstructions placed across the same, before or after acquisition of the land by them, serve to prevent the creation of an implied easement by reservation nor to destroy the same when once established. This is not to say that the easement may not be terminated or extinguished by the various methods and causes applicable to one of its particular character, 17 Am. Jur., Sec. 134 et seq.; however, the record before us fails to disclose

basis for termination either by voluntary act or operation of law.

The evidence fails to sustain the insistence that complainants still own a 15½ foot frontage on Crozier Street. Even though a computation of calls and distances in the deeds involved would indicate the result contended for, the description, considered in their entirety, manifestly refute this conclusion. While it appears that a way of ingress and egress to complainants' property could be constructed over lands other than those of the defendants', also previously owned and conveyed by complainants, we are of the opinion that no corresponding reservation by implication exists with relation thereto, and that a reasonable necessity is exigible only with respect to the roadway at issue. The fact, as shown by the proof, that Eunice Hall, one of the grantees mentioned, is the daughter of the complainants, and the further fact that complainants at one time, May 1, 1944, conveyed to another daughter, Colleen Harless, and her husband, C. D. Harless, the property to which they now seek a way of entry, would not, under the rule, appear to alter the situation. The same necessity existed at the time of the Hall conveyance and would persist even had complainants retained that tract. Harless and wife, on June 21, 1946, reconveyed to complainants prior to institution of the present action, so that no question as to want of interest in the subject matter arises. Neither can it be said that this break in the chain of ownership serves to destroy the easement.

We are, therefore, of the opinion that there is no error in the decree of the lower court and the same will be accordingly affirmed at the cost of the appellants and the sureties on their appeal bond.

McAmis and Howard, JJ., concur.