# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

## VIOLET HOWARD v. KRISTI THURMAN, ET AL.

### Direct Appeal from the Chancery Court for Fentress County
### No. P-96-40    Billy Joe White, Chancellor

---

### No. M1998-00147-COA-R3-CV - Decided April 26, 2000

---

The Chancery Court of Fentress County held that the appellee had an implied easement for a driveway and parking area adjacent to her home. The appellants assert that the evidence preponderates against the court's finding. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded.

CANTRELL, P.J., M.S., delivered the opinion of the court, in which, CAIN and COTTRELL, joined.

Phillips M. Smalling, Byrdstown, Tennessee, for the appellants, Kristi Thurman, Danny Howard, Robert Howard and Martha Howard

S. N. Garrett, for the appellee, Violet Howard

## OPINION

### I.

Earl Lynn Howard and wife, Violet Howard, owned a house and one-acre lot on the south side of Banner Springs Road in Fentress County. The lot was bounded on the west side by a larger tract that Earl Lynn Howard owned as a tenant in common with other members of his family. An old road ran south from Banner Springs Road on the family property. Earl and Violet Howard frequently used that road as a driveway to their home. They also had a parking area on the jointly-owned property, with two walkways from the drive and parking area to their lot.

In 1996 Earl Howard acquired his family's interest in the property containing the old road, the parking lot, and the walkways. As a result, he owned the larger tract in his sole name, and the house and lot as a tenant in common with Violet Howard.

Earl Howard died in December of 1996, and Violet Howard qualified as the administratrix of his estate. In order to settle some claims against the estate, the Chancery Court of Fentress County ordered the larger tract owned by Earl Howard sold at a public auction. At the sale, one of the lawyers announced that they were reserving the question about whether there was an easement for the driveway, the parking lot, and the walkways.

The appellants, Robert Howard and wife, Martha Howard, purchased the property at the sale. The court subsequently held a hearing and determined that Violet Howard had an easement by implication over the old road, the parking area, and the walkways to her property.

## II.

This case is not about an easement by adverse use or prescription, nor an easement by necessity – although long use and necessity figure into the equation. An easement by implication arises where "during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another part, which servitude, at the time of the severance, is in use and is reasonably necessary for the fair enjoyment of the other part of the estate." *Johnson v. Headrick*, 237 S.W.2d 567 at 569 (Tenn. Ct. App. 1948). This principle has been distilled into four parts: (1) unity of title and then separation; (2) a showing that, before the separation takes place, the use giving rise to the easement shall have continued so long and is so obvious and manifest as to show that it was meant to be permanent; (3) a showing that the easement is essential to the beneficial enjoyment of the land granted or retained; and (4) the servitude must have been continuous, as opposed to temporary or occasional. *See Barrett v. Hill*, No. 01A01-9806-CV-00295 (filed at Nashville Oct. 7, 1999).

At the time of the forced sale, Violet Howard owned the house and lot as the surviving tenant by the entireties; she also owned at least a part of the larger tract by the law of descent and distribution. Although that may not amount to a unity of title in the classic sense, the appellants concede that the first element of the test has been met.

The appellants argue that Ms. Howard failed to prove the second element, the apparently permanent and obvious servitude. They base their argument on the relatively small amount the Howards spent to improve the road, and some testimony in the record that Earl Howard sometimes used his mother's lot on the other side of his house as a place to park his car. The chancellor, however, took all that into account and found that Mr. Howard intended to use the driveway and parking area as the primary means of ingress and egress to the house. We concur with the chancellor's assessment of the proof, and we would add that the driveway, the parking area, and the walkways are all clearly laid out on the ground and are obviously in use; in fact, there is no other driveway nor parking area serving the house.

The appellants also argue that Ms. Howard failed to prove that the easement was reasonably necessary to the beneficial enjoyment of her property. They assert that she could gain access to her lot from the main road on the front by putting in a culvert and cutting a driveway into her front yard.

In this state we have adopted a rule of "reasonable" necessity, opposed to the rule of "strict" necessity that some states require. *Johnson v. Headrick*, 237 S.W.2d 567 (Tenn. Ct. App. 1948); *LaRue v. Greene County Bank*, 166 S.W.2d 1044 (Tenn. 1942). This less burdensome rule also applies to easements by necessity where the principal test is necessity. *See Morris v. Simmons*, 909 S.W.2d 441 (Tenn. Ct. App. 1993). We think the proof in this case shows a reasonable necessity. The only alternatives involve building another driveway and parking area or obtaining another easement from another land owner. When we consider that the driveway and parking area have served Ms. Howard's home from the time it was built, the necessity of keeping that access seems perfectly reasonable.

Even though we recognize that easements by implication are not favored in the law, *Johnson v. Headrick*, 237 S.W.2d 567 (Tenn. 1948), we think this case presents a situation where the principle is justified.

We affirm the judgment of the trial court and remand this cause to the Chancery Court of Fentress County for any further proceedings necessary. Tax the costs on appeal to the appellants, Kristi Thurman, Danny Howard, Robert Howard and Martha Howard.