# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

## DANIEL B. BARGE, III v. EARL H. SADLER, ET AL.

### Direct Appeal from the Chancery Court for Humphreys County
### No. 24-175     Allen W. Wallace, Chancellor

---

### No. M1999-01923-COA-R3-CV - Decided June 29, 2000

---

This is an appeal from the trial court's refusal to grant the appellant an easement over the lands of the appellee. We reverse the trial court's judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
### Reversed and Remanded

CANTRELL, P.J., M.S., delivered the opinion of the court, in which KOCH and COTTRELL, JJ. joined.

Robert I. Thomason, Jr., Waverly, Tennessee, for the appellant, Daniel B. Barge, III.

Dan R. Bradley, Waverly, Tennessee, and G. Sumner R. Bouldin, Jr., Murfreesboro, Tennessee, for the appellees, Earl H. Sadler and Vera I. Sadler.

## OPINION

### I.

In 1997, the appellant purchased a 411.2 acre tract of land in Humphreys County. The appellant's land is heavily wooded and is cut by "steep ridges and deep hollows." The tract is also landlocked and has no electrical service. At the time of the trial, the appellant had been accessing his property by leasing an adjacent piece of property and by using, with permission, a four-wheeler road on another piece of adjacent property. The appellant testified that he had plans to build a house on the northwest corner of his tract of land where the most direct access to the road is over the appellee's land.

In November of 1997, the appellant filed a complaint seeking an easement over the land of the appellee. The appellant claimed that he had no way of getting to a public road or highway except by way of the easement he sought. In addition, the appellant claimed that he had no access to utility lines. The appellant asserted that the most adequate and convenient outlet from his land to a public roadway is across the intervening lands of the appellee. After a hearing, the trial court found that the appellant had "at least an implied easement across the lands" of another adjacent property owner,

Sonday. In addition, the trial court found that the easement and access across the Sonday property would be a less intrusive and disruptive route than an easement over the land of the appellee. The trial court therefore found that the appellant had failed to carry the burden of proof necessary to show that his "proposed route is the most necessary and convenient route, and the less intrusive and disruptive route to the [appellee] landowner." The trial court then dismissed the appellant's complaint. The appellant now appeals.

## II.

The first argument to be addressed is whether the trial court erred in finding that the appellant had an implied easement over the Sonday tract of land. Our review of this cause is de novo upon the record with a presumption of correctness of the trial court's findings of fact unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). We find that the evidence preponderates against the trial court's finding of an implied easement.

### A. THE IMPLIED EASEMENT

An easement is an interest in another's real property that confers on its holder an enforceable right to use such property for a specific purpose. *Bradley v. McLeod*, 984 S.W.2d 929, 934 (Tenn. Ct. App. 1998). An easement by implication is an exception to the general rule that an easement must be created either by an express writing or by prescription. *Id*. Easements by implication are not favored in the law and it is the policy of the courts to restrict the doctrine. *Adcock v. Witcher*, No. 01-A-01-9505-CH00220 (Tenn. Ct. App. filed November 15, 1995, at Nashville). An easement by implication preserves "all those continuous and apparent easements which have in fact been used by the owner during the unity of ownership and possession" when that parcel of property is divided. *Powell v. Riley*, 83 Tenn. 153, 159 (1885).

An easement by implication arises only where (1) there has been unity and a separation of the title; (2) before the separation takes place, the use which gives rise to the easement shall have been so long continued and so obvious as to show that it was meant to be permanent; (3) the easement must be in use at the time of the separation of the title; and (4) the easement shall be reasonably necessary to the beneficial enjoyment of the land granted or retained. *See Lively v. Noe*, 460 S.W.2d 852, 854-55 (Tenn. Ct. App. 1970); *see also Johnson v. Headrick*, 237 S.W.2d 567, 570 (Tenn. Ct. App. 1948).

In the case at bar, we are satisfied the evidence failed to establish the existence of these essential elements. We first note that the owners of the tract upon which the trial court found the implied easement, the Sondays, were not even parties to this lawsuit and did not testify at the trial. Conflicting evidence was presented regarding the specific origin of the tracts of land of the appellant, the appellee, and the Sondays. Although it appears that the appellant's land and the Sonday tract were both once owned by Waverly Timber and Iron, the deed books also indicate that part of the appellant's and the appellee's tracts may have had a common ownership at one time. In addition, the only evidence presented in support of a claim of use of the roadway on the Sonday tract was the

testimony of one witness who used to farm on what is now the Sonday tract. He testified that he saw vehicles traveling the roadway on the Sonday tract to access the appellant's property. We find this evidence insufficient to support a finding of use of the roadway so long continued and so obvious as to show that it was meant to be permanent. In addition, even assuming that Waverly Timber and Iron at one time owned the Sonday tract and the appellant's tract, the evidence failed to establish that the roadway on the Sonday tract was in use at the time of the separation of title. In light of the foregoing, we find that the evidence preponderates against the trial court's finding of an implied easement in favor of the appellant across the Sonday tract.

## B. THE STATUTORY RIGHT

We must next determine whether the appellant is entitled to an easement over the appellee's tract of land by way of Tenn. Code Ann. § 54-14-102. The statute provides:

> (a) Any person owning any lands, ingress or egress to and from which is cut off or obstructed entirely from a public road or highway by the intervening lands of another, or who has no adequate and convenient outlet from such lands to a public road in the state, by reason of the intervening lands of another, is given the right to have an easement or right-of-way condemned and set aside for the benefit of such lands over and across such intervening lands or property.

Tenn. Code Ann. § 54-14-102. This statute is strictly construed against the right of the private individual to expropriate the private property of another. *Draper v. Webb*, 418 S.W.2d 775, 776 (Tenn. Ct. App. 1967). In order to make a claim under this statute, the owner of the landlocked property must establish that he is without an adequate and convenient outlet to a public road and that the requested right-of-way is necessary and not merely a matter of convenience. *See Lay, et al. v. Pi Beta Phi*, 207 S.W.2d 4, 6 (Tenn. Ct. App. 1947). However, it is not necessary for the property owner to show that he has no outlet but only that he has no adequate and convenient outlet. *Brady v. Correll*, 97 S.W.2d 448, 450 (Tenn. Ct. App. 1936).

The evidence at trial clearly established that the appellant's land was landlocked. There are several tracts of land surrounding the appellant's tract that obstruct his access to a public road. The only access the appellant has had to his land has been by lease of an adjoining property or the permissive use of other adjoining property. However, these arrangements were only temporary. The record establishes that an easement over the land of the appellee is the most direct, adequate, and convenient outlet. Although there are other possible routes leading to the appellant's property, due to the rough terrain, an easement over the land of the appellee is the more economical and better road. *See Swicegood v. Feezell*, 196 S.W.2d 713, 716 (Tenn. Ct. App. 1946). In light of the foregoing, the appellant should have been granted an easement across the intervening land of the appellee.

The judgment of the trial court is reversed, and the cause remanded to the Chancery Court of Humphreys County for any further proceedings necessary including, but not limited to, the

appointment of a jury of view in accordance with Tenn. Code Ann. § 54-14-101. Tax the costs on appeal to the appellees, Earl H. Sadler and Vera I. Sadler.