IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 11, 3003 Session

## MARGARET WIGHTMAN v. TRUMAN D. CLOUSE and wife, BETTY SUE CLOUSE, and DOUGLAS CLOUSE

FILED APRIL 25, 2003

**No. E2002-00318-COA-R3-CV**

**OPINION ON PETITION FOR REHEARING**

Appellants' Petition for Rehearing asserts that the Court erred in failing to realize that the "unrebutted proof established that the appellants' predecessor in title increased the burden of the easement after severance of title" by cutting a new driveway into the old driveway. A review of the cited portion of the transcript does not support the assertions. The testimony was that the house on Ms. Wightman's property was in existence in 1978 and was being served by the driveway/road at that time, and that is the year that the title to the land was first severed. Appellants did not present proof that the easement was increased after the title was severed. Moreover, this is the first time that the argument has been raised.

Appellants also argue that the easement is not a necessity because Ms. Wightman owns other land over which a driveway might be constructed. We affirm the Trial Court's recognition of an implied easement (not an easement by necessity) and as this Court said in *Johnson v. Headrick*, 237 S.W.2d 567 at 69 and 70 (Tenn. Ct. App. 1948):

> It is a well-settled rule that where during the unity of title an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another part, which servitude, at the time of the severance, is in use and it is reasonably necessary for the fair enjoyment of the other part of the estate, then upon a severance of ownership, a grant of right to continue such use arises by implication of law.

Contrary to appellants' assertion, case law makes clear that the reasonable necessity of the easement is judged at the time of the severance, because that is when the easement is created. The Supreme Court has explained this as follows:

> Such easement will not arise upon the sale of the tenant in favor of the owner of the dominant estate, unless it is of such reasonable necessity to the full enjoyment of the dominant estate as to create a clear presumption in favor of the grantor, and this may

be found in the use made of the premises prior to and at the time of the severance of the estate, whether one parcel or lot was used for the benefit of the other, and if so, to what extent, as well as the benefits enjoyed by the reason of such use. It follows that the necessity must appear at the time of the sale or disposition of the servient estate, not at some future or indefinite time when the owner of the dominant estate, or those claiming under him, may consider the need or desirability of an easement on the property.

*LaRue v. Greene County Bank*, 166 S.W.2d 1044, (Tenn. 1942).

As the Court further explained:

[a]lthough our Tennessee cases do not hold to the rule of strict "or absolute" necessity, they do require that an easement, to arise by implication or implied reservation be . . . of such necessity that it must be presumed to have been within the contemplation of the parties.

*Johnson* at 570.

There can be no question but at the time the servient estate was created, the easement was necessary for the enjoyment of the land retained, because there was no other means of ingress and egress to the main road.

We respectfully deny the Petition for Rehearing.

_____
HERSCHEL PICKENS FRANKS, J.

_____
HOUSTON M. GODDARD, P.J.

_____
D. MICHAEL SWINEY, J.