IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 17, 2005 Session

## WALKER GRAY HAUN v. LOUIS EUGENE HAUN, JR.

**Appeal from the Circuit Court for Blount County**
**No. E-19857     W. Dale Young, Judge**

_____

**No. E2004-01895-COA-R3-CV - FILED APRIL 28, 2005**

_____

This appeal involves a dispute between two brothers over the use of a roadway that lies on their adjacent tracts of property. The issue presented is whether Walker Gray Haun has an easement across the property of his brother, Louis Eugene Haun, Jr. The trial court granted Walker Gray Haun an easement either by prescription or by implication which allowed him to use the roadway that had existed for at least fifty years and provided the only vehicular access to a rental house on his property. We hold that Walker Gray Haun did not establish a prescriptive easement, but that his proof satisfied the elements of an easement by implication, and therefore we affirm the trial court's judgment.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL and D. MICHAEL SWINEY, JJ., joined.

David T. Black and Justin R. Martin, Maryville, Tennessee, for Appellant Louis Eugene Haun, Jr.

David R. Duggan and Lee Kull, Maryville, Tennessee, for Appellee Walker Gray Haun.

### OPINION

Jane Gray Haun was the owner of a farm in Blount County, Tennessee which upon her death in 1973 passed to her three children, Walker Gray Haun, Louis Eugene Haun, Jr., and Caroline Haun Nowell. The Haun children apparently could not agree as to a division of the property, and so, in 1999 Louis Eugene Haun, Jr. petitioned the Chancery Court for Blount County to partition the farm in kind. The Court appointed three commissioners who divided the farm into tracts among the three children. A judgment confirming the partition was entered by the Blount County Chancery Court on August 21, 2003. Each of the three children were awarded tracts which were specifically described in the judgment. The judgment contained the following handwritten notation which was initialed by counsel for all parties:

*subject to the provision contained in this Judgment that nothing contained in this Judgment shall preclude Walker Gray Haun, his heirs or assigns, from pursuing his rights, if any, in and to an alleged easement for access for ingress and egress across Tract 3 herein to the "rental home" situated on tract 2A herein allotted to Walker Gray Haun.

The tract awarded to Walker Gray Haun lies generally west of Louis Eugene Haun, Jr.'s property. Walker Gray Haun's property has frontage on Topside Road, but the only access road to the rental house located on the tract is an unimproved roadway that runs generally eastward, crossing a portion of Louis Eugene Haun, Jr.'s property, meets Lakeside Acres Way, a private road running through the middle of Louis Eugene Haun, Jr.'s property to which all the Haun heirs have undisputed access, and then to Topside Road.

A dispute developed between the two brothers over use of the roadway. Walker Gray Haun hired workers to repair the roof of the rental house and before they completed their work, Louis Eugene Haun, Jr. had a chain and a lock placed across the road. The chain was cut to gain access to the property. There were additional skirmishes culminating in Louis Eugene Haun, Jr. having a load of large rocks dumped on the road, blocking access to the house. In response, Walker Gray Haun sued his brother and alleged that he had an easement by implication for the use of the roadway. He later amended his complaint to allege a prescriptive easement.

After a trial on November 19 and 21, 2003, the trial court ruled that Walker Gray Haun had established an easement by prescription or implication, stating and reasoning as follows in relevant part:

> There is no dispute that the farm road which crosses [Louis Eugene Haun, Jr.]'s Tract 3, at issue in this cause, has existed in its same location for more than fifty (50) years and has been used primarily for ingress and egress as to the rental property located on [Walker Gray Haun]'s property Tract 2A, and for agricultural purposes;
> That there is no dispute that for many years the income from the rental house in question was used to maintain the said road;
> There is no dispute that [Walker Gray Haun] has had unfettered access to the road prior to the instant action;
> [Walker Gray Haun] has no existing access by road to the rental property located on his property other than by way of the subject farm road, and if denied the use of that farm road [Walker Gray Haun] will be required to construct an alternate road to gain access to his rental property; and

-2-

[Walker Gray Haun]'s proof shows that estimates to build a new access road from a near-by public road range from $37,685.00 to $60,000.00, and [Louis Eugene Haun, Jr.]'s proof shows that a partial estimate on the construction of the same road is about $17,500.00, but that estimate excludes work required by the Tennessee Valley Authority and/or the U.S. Corps of Engineer[s] and/or the State of Tennessee Department of Transportation and/or any other applicable state or federal agency, and [Louis Eugene Haun, Jr.]'s expert testified that his estimate excluded the removal of stumps and trees along the route, and he estimated that could increase the cost of the project several thousand dollars to at least the minimum established by [Walker Gray Haun]'s expert; now, therefore, it is ORDERED, ADJUDGED AND DECREED as follows:

[Walker Gray Haun] has proved by the preponderance of the evidence that all requirements as to prescriptive rights have been fully met, and accordingly judgment is entered for [Walker Gray Haun] for an implied or prescriptive easement over and upon [Louis Eugene Haun, Jr.]'s Tract as shown in Exhibit 6.

The easement hereby confirmed is to be used in conformity with its prior use over the past fifty (50) years, and every reasonable effort should be made by [Walker Gray Haun] to see to it that no one abuses the use of said easement. Under applicable law, [Louis Eugene Haun, Jr.], if he so chooses, may gate the farm road for security purposes so long as [Walker Gray Haun] is given free access at all reasonable times through the gated farm road.

Ordinary and reasonable maintenance of the farm road easement (both on [Walker Gray Haun]'s portion and on the [Louis Eugene Haun, Jr.]'s property) will be at the expense of [Walker Gray Haun]. [numbering in original omitted]

Louis Eugene Haun, Jr. appeals, raising the following issues for our review:

1. Did the trial court err in holding Walker Gray Haun proved the existence of an easement by prescription or by implication?

2. If the trial court did not err in granting Walker Gray Haun an easement, did the court err by failing to award Louis Eugene Haun, Jr. equivalent value for the diminished worth of Louis Eugene Haun, Jr.'s property as encumbered with an easement?

In this non-jury case, our review is *de novo* upon the record of the proceedings below; but the record comes to us with a presumption of correctness as to the trial court's factual determinations which we must honor unless the evidence preponderates against those findings. Tenn. R. App. P.

13(d); *Wright v. City of Knoxville,* 898 S.W.2d 177, 181 (Tenn.1995); *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn.1993). The trial court's conclusions of law, however, are accorded no such presumption. *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26, 35 (Tenn.1996); *Presley v. Bennett,* 860 S.W.2d 857, 859 (Tenn.1993).

An easement is an interest in another's real property that confers on the easement holder an enforceable right to use that property for a specific use. *Bradley v. McLeod,* 984 S.W.2d 929, 934 (Tenn. Ct. App. 1998)*, Vineyard v. Betty,* No. M2001-00642-COA-R3-CV, 2002 WL 772870 at *2, 2002 Tenn.App. LEXIS 301 at *4 (Tenn. Ct. App. M.S., filed Apr. 30, 2002), *no appl. perm. filed*. The most common form of an easement is a right of passage across another's property. Several forms of easements are recognized under Tennessee law, including express easements; easements by reservations; implied easements; prescriptive easements; and easements by estoppel. *Pevear v. Hunt,* 924 S.W.2d 114, 115 (Tenn. Ct. App. 1996).

In this case we first look to see whether the evidence supports the conclusion that Walker Gray Haun had an either a prescriptive easement or an implied easement. To establish a prescriptive easement, a party must prove by clear and convincing evidence that his or her use of the property is:
   1)  adverse,
   2) under claim of right,
   3) continuous, uninterrupted, open, visible, and exclusive,
   4) with the knowledge and acquiescence of the owner of the servant tenement,
   5) for a period of least twenty years.
*Stone v. Brickey,* 70 S.W.3d 82, 86 (Tenn.Ct.App.2001); *House v. Close,* 346 S.W.2d 445, 448 (Tenn.Ct.App.1961).

As noted above, a necessary element of a prescriptive easement is that the  person asserting the easement used it in an *adverse* manner.  We are of the opinion that Walker Gray Haun failed to prove this required element.  Prior to the judgment approving the partition of the family property in August of 2003, Walker Gray Haun, Louis Eugene Haun, Jr. and their sister essentially held the property as tenants in common.  "[P]ossession by one tenant in common is not adverse to another co-tenant until a disseisin of the others by actual ouster." *Peltz v. Peltz*, No. 01A01-9711-CH-00659, 1998 WL 717231 at *1,1998 Tenn.App.LEXIS 685 at *3 (Tenn.Ct.App.M.S., filed Oct. 14, 1998), *no appl. perm. filed.*  There is no allegation or proof of ouster in the present case.  Consequently, Walker Gray Haun did not have an easement by prescription.

To establish an easement by implication, a party asserting an implied easement bears the burden of proving three elements:

   1) a separation of title;
   2) a necessity that, before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be permanent; and

3) a necessity that the easement be essential to the beneficial enjoyment of the land granted or retained.

*The Pointe, LLC. v. Lake Mgmt. Assoc.,* 50 S.W.3d 471, 478; *Fowler v. Wilbanks,* 48 S.W.3d 738, 741(Tenn. Ct. App. 2000) (citing *Johnson v. Headrick,* 34 Tenn. App. 294, 299, 237 S.W.2d 567, 570 (Tenn. Ct. App.1948)).

While Tennessee courts have required proof demonstrating a *prescriptive* easement to meet the "clear and convincing" standard, we have applied the ordinary preponderance of the evidence standard in cases involving an implied easement. *See Allison v. Allison,* 193 S.W.2d 476 (Tenn.App.1945); *Barrett v. Hill,* No. 01A01-9806-CV-00295, 1999 WL 802642, 1999 Tenn.App.LEXIS 879 (Tenn. Ct. App. M.S., filed Oct. 7, 1999) *no appl. perm. filed*; *Rhoades v. Taylor,* No. M2001-00643-COA-R3-CV, 2003 WL 724672, 2003 Tenn. App. LEXIS 177 (Tenn. Ct. App. M.S., filed Mar.4, 2003), *no appl. perm. filed*.

As the trial court correctly noted, the first element of an implied easement as enumerated above is not in dispute. There has been a separation of title by virtue of the partitioning of the property in kind among the Haun heirs.

The second element of an implied easement requires us to look to the intent of the parties at the time of separation of title. In this case, we first review the transfer document to determine the intent of the parties. The transfer document in this case is the judgment confirming the partition of the property and it does not reflect the parties' intent as to whether an easement was intended. In fact the judgment specifically provides that "nothing contained in this judgment shall preclude Walker Haun Gray, his heirs or assigns, from pursuing his rights, if any, in and to an alleged easement for access for ingress and egress across Tract 3 herein to the "rental home" situated on tract 2A herein allotted to Walker Gray Haun." Since the judgment specifically does not address the parties' intent, we must look to the use of the parties to ascertain their intent. Regarding the length of continued, obvious use of the access road, Walker Gray Haun's affidavit alleges without dispute as follows:

> That I have used, as a child and into adulthood, the access road at issue in this cause since 1951. Furthermore, and as an adult living upon this property, I have used this access road to access the rental property located upon my property, and also for agricultural purposes, for almost thirty (30) years. This use has been continuous during that time period.
> The electric utility lines to the rental property located upon my property are located along this subject access road. [numbering in original omitted]

An aerial photograph of the property, which Louis Eugene Haun, Jr. testified was taken in 1950 was introduced into evidence and clearly shows the access road at issue. Thus, Walker Gray Haun has

established the second element, that the use giving rise to the easement has been "so long continued and obvious or manifest as to show that it was meant to be permanent."

Louis Eugene Haun, Jr. argues in his brief that "a pre-partition joint owner cannot receive a post-partition easement by prescription or implication absent the parties' specific intent to reserve a right of way."

A careful review of the implied easement cases yields the conclusion that the relevant and requisite intent, at times inferred by the courts *by implication*, pertains to the use of the right of way over time. This is seen upon examination of the second required element, that "*the use* which gives rise to the easement *shall have been so long continued and obvious or manifest as to show that it was meant to be permanent*." (Emphasis provided). As might well be expected, Louis Eugene Haun, Jr. testified that at the time of the partition, he had no intent to grant or reserve to his brother an easement along the contested roadway. But the proof fully supports the inference that the Haun family demonstrated, for many years prior to the partition, an intent that the roadway be permanent.

As already noted, the roadway has been in existence and use for at least fifty years. It was maintained, apparently jointly when the Haun heirs owned it in common, from rental income provided by the rental house. The proof shows that utility lines to the rental house run along the roadway.

Louis Eugene Haun, Jr. also asserts that the trial court should have considered the proffered affidavit of the three commissioners who divided the property pursuant to court order. In that affidavit, the commissioners testified, among other things, that they "did not intend for the alleged easement as described above to be granted Walker Gray Haun as a portion of his allotment of the partitioned lands." The trial court granted Walker Gray Haun's motion in limine to exclude the commissioners' testimony, on the grounds that it was irrelevant to the issue of the existence of an implied easement. We agree with the trial court; it was not within the province of the commissioners' duty to establish or adjudicate an easement when they partitioned the property. The decision to exclude their testimony was within the trial court's discretion, and we do not find that the trial court abused its discretion.

The third element, requiring a showing of necessity that the easement be essential to the beneficial enjoyment of the land granted or retained, is primarily the contested issue in this case. The prevailing rule with respect to implied easement provides that:

> Where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another part, which servitude is in use at the time of severance and is necessary for the reasonable enjoyment of the other part, on a severance of the ownership the grant of the right to continue such use arises by implication of law.

*Lively v. Noe,* 460 S.W.2d 852, 854-55 (Tenn.Ct.App.1970). In addition, as stated in *Bradley v. McLeod,* easements by implication ordain the perpetuation of the prior use "on the general principle that property is usually passed along with its burdens[.]" *Bradley,* 984 S.W.2d at 934. Where a single owner sells portions of his or her property to two different purchasers, "the respective portions granted are subject to or benefitted by, as the case may be, an easement corresponding to such use." *Lively,* 460 S.W.2d at 855.

Walker Gray Haun's property has approximately 441 feet of frontage on Topside Road, and Louis Eugene Haun, Jr. argues that Walker Gray Haun could build a road giving him access to the rental house from Topside Road on his own property.

As regards the required demonstration of necessity, Tennessee law interprets the concept of "necessity" as being "reasonably necessary" for the enjoyment of the dominant tenement, as opposed to strict or absolute necessity. *Rightsell v. Hale,* 18 S.W. 245, 246 (Tenn.1891); *The Pointe, LLC v. Lake Mgmt. Ass'n, Inc.,* 50 S.W.3d 471, 478 (Tenn.Ct.App.2000); *Johnson v. Headrick,* 237 S.W.2d 567, 570 (Tenn.Ct.App.1948); *Allison v. Allison,* 193 S.W.2d 476, 477-78 (Tenn.Ct.App.1945).

Several experts testified as to the estimated cost of putting in the proposed road connecting the rental house with Topside Road. One of Walker Gray Haun's experts estimated the cost at between $40,000 and $60,000. Walker Gray Haun's other expert provided an estimate of $37,685 and further testified that the estimate was "probably low." Louis Eugene Haun, Jr.'s expert estimated the cost at "about $17,500" but admitted that his estimate did not include the cost of a culvert that would likely be required, nor the permit fees required by various federal and state agencies. Walker Gray Haun testified that the cost of putting in the road is prohibitively expensive for him.

Our Supreme Court, in the case of *Rightsell v. Hale,* 18 S.W. 245 (Tenn.1891) was presented with a situation bearing many similarities to this one, over 110 years ago. The *Rightsell* Court upheld an easement by implication across the servient tenement in order to access a public road, because of the unreasonable expenditure required to create another way. *Id; see also Allison v. Allison,* 193 S.W.2d 476, 477-78 (Tenn.Ct.App.1945)(citing and applying *Rightsell* rule but finding no easement because "it would not involve an unreasonable or disproportionate expenditure" to create another access way).

The trial court found that the evidence demonstrated it would involve an unreasonable expense to put in another access road to provide Walker Gray Haun access via Topside Road. After a review of the record, we hold that the evidence does not preponderate against the trial court's finding regarding the unreasonable expense and that Walker Gray Haun has shown the access road already in existence to be reasonably necessary to the continued enjoyment of his property, as it is the only existent means of ingress and egress to his rental house. We affirm the judgment of the trial court finding Walker Gray Haun has an implied easement in the access road.

Finally, Louis Eugene Haun, Jr. argues the trial court erred by failing to award him "equivalent value for the diminished worth of [his property] as encumbered by an easement." While this is an interesting and creative argument, we are not aware of any authority which would require the owner of a servient tenement to be compensated by the dominant tenement's owner when an easement by implication is adjudicated. Therefore we hold that this argument is without merit.

For the aforementioned reasons, the judgment of the trial court is affirmed and the case remanded for collection of costs below. Costs on appeal are assessed to the Appellant, Louis Eugene Haun, Jr., and his surety.

_____
SHARON G. LEE, JUDGE