RUTH WITT LINE, Complainant, Appellant, v. EDWARD MILLER, Defendant, Appellee.—309 S. W. (2d) 376.

Eastern Section. August 19, 1957.

Petition for Certiorari denied by Supreme Court December 6, 1957.

O. L. White, Knoxville, for appellant.

Charles C. Burks, Knoxville, for appellee.

McAMIS, P. J. The parties to this suit own adjoining lots on Maryland Avenue in Knoxville. The bill was filed by Mrs. Line to enjoin defendant from interfering with a sewer line running from a residence on her lot across defendant's lots and thence to a city sewer on Murphy Street.

Noting that complainant's bill is not predicated on adverse use of the line but upon the claim that it is an appurtenance to complainant's title, the Chancellor dismissed the bill. Complainant appealed and has renewed here her insistence that the right to continue using the line impliedly passed to her as an appurtenance under her deed.

On July 3, 1946, complainant purchased from Charlie Murphy Lot 13 on Maryland Avenue, "with the hereditaments and appurtenances thereto appertaining". The deed contains no reference to a sewer line on adjoining lots. On November 23, 1955, defendant Miller purchased Lots 14 and 15, adjoining complainant's property on the west. His deed contains no reference to the sewer

line. All of these lots are provided with a public alley at the rear which extends to Murphy Street, a distance of approximately 100 feet from the rear of complainant's lot. Because of the slope of the lots the sewer on Maryland Avenue cannot be used. Complainant's property is valued at $4,500. She could attach to the sewer on Murphy Street by running a line through the alley, at a cost of $300 or less. The value of defendant's lots is not shown but it does appear that the location and depth of the sewer line is such as to seriously interfere with the use of the lots.

Under these circumstances the Chancellor found that, even though the line was in use when complainant purchased her property, it was a "convenience" and not a "necessity" and, therefore, under the rule of LaRue v. Greene County Bank, 179 Tenn. 394, 166 S. W. (2d) 1044, 1049, did not pass by implication under complainant's deed. The Chancellor concluded that, in view of the relatively small cost of building a line from complainant's lot to Murphy Street, it would not be equitable to permit her to continue using defendant's lots as an outlet for her property.

In LaRue v. Greene County Bank, supra, the Court said:

"We recognize the fact that in several jurisdictions the rule that easements by implication will not arise except in case of strict necessity, has not been followed. Our cases do not lay down the rule of 'strict' or 'absolute' necessity. We think an easement by implication, or implied reservation, should not arise except where it is of such necessity that it must be presumed to have been within the contemplation of the parties." And see John-

son v. Headrick; 34 Tenn. App. 294, 299, 237 S. W. (2d) 567.

The first of these cases dealt with an alleged easement incident to a party wall and the second with an easement for purposes of ingress and egress. In both cases the rule of reasonable, rather than strict or absolute necessity was followed.

As to subterranean drains the majority rule is that there is no such necessity as to suppose the parties intended to provide an easement over adjoining property and that an easement is not created by implied grant or reservation, notwithstanding a drain existed at the time of the severance by conveyance, *if a substitute drain can be provided at reasonable expense.* Brown v. Fuller, 165 Mich. 162, 130 N. W. 621, 33 L. R. A., N. S., 459, Ann. Cas. 1912C, 853; Annotation, 58 A. L. R. 839, 840; 17A Am. Jur. 698, Easements, Section 82. "The test of necessity is whether the party claiming the right can, at reasonable cost, create a substitute on his own estate." 28 C. J. S. Easements sec. 33, p. 693.

■■ The policy of the law is to restrict the doctrine of implied easements and the burden of proof rests with the person asserting it to show the existence of all facts necessary to create by implication an easement appurtenant to his estate. 17 Am. Jur. 945.

■■ One element necessary to the existence of an implied easement is unity of title to both tracts at the date of the supposed conveyance of the dominant right. Johnson v. Headrick, supra. In this case, while it is shown that at one time all three lots were owned by complainant's grantor, it is not shown that unity of title

existed when complainant purchased Lot 13, at which time it is claimed the easement was conveyed by implication. It results that if we are in error in holding that no easement by implication was created, complainant still cannot maintain the bill since there is no proof that her predecessors in title owned both lots when they conveyed Lot 13.

In this view it is unnecessary to deal with complainant's insistence that defendant knew of the existence of the drain when he purchased the adjoining lots. Knowledge on his part would not create in complainant an enforceable proprietary right. Likewise, it is unnecessary to consider the rights of an innocent purchaser without notice of the land on which a subterranean line is located. The interested reader is referred to Annotation, 174 A. L. R. 1241.

We concur with the holding of the Chancellor that complainant can procure at reasonable expense another drain from her property and, therefore, it cannot be supposed the parties intended to create an appurtenant easement on adjoining lots.

Affirmed at the cost of complainant.

Hale and Howard, JJ., concur.