# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
October 25, 2000 On-Briefs

### MAELENE FOWLER, ET UX. v. JERRY WILBANKS

**A Direct Appeal from the Chancery Court for McNairy County**
**No. 7269    The Honorable Dewey C. Whitenton, Chancellor**

---

### No. W2000-00452-COA-R3-CV - Filed December 28, 2000

---

Plaintiffs sued to enjoin Defendant from denying their right to use a private dirt and gravel road on Defendant's property in order to access their property. The trial court held that Plaintiffs established an easement by implication and/or prescription in the private road, and enjoined Defendant from preventing Plaintiffs' future access to the road. Defendant appeals.

### Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Ken Seaton, Selmer, For Appellant, Jerry Wilbanks

Terry Abernathy, Selmer, For Appellees, Maelene Fowler and W. F. Fowler

### OPINION

Plaintiffs, Maelene Fowler and husband, W. F. Fowler, sued Defendant, Jerry Wilbanks, to enjoin Defendant's interference with their use of a private gravel and dirt road along the eastern boundary line of defendant's property.

Plaintiffs claim a right to use this road by way of an implied or prescriptive easement. Plaintiffs own a 2.687 acre parcel of land located in McNairy County, Tennessee. The land Plaintiffs' purchased in 1996 is undeveloped, and the record indicates the Plaintiffs have harvested a soybean crop on their property at least once since they acquired the land. In 1996, Defendant purchased a 125' by 125' parcel which adjoins Plaintiffs' land to the north. Both parcels were once part of a larger piece of property owned by Grady Ingle, Plaintiff Maelene Fowler's father.

The gravel and dirt road at issue in this case (the "drive") runs north-south from Allen McCoy Road, past several lots, and ending at the Plaintiffs' property.[1] Testimony at trial indicated that the drive has been in existence for at least thirty-five (35) years, and is at a slightly higher elevation than Defendant's property, with a ditch on the east side to carry water off the roadway. The parties dispute the use of that portion of the drive which is located on Defendant's property, and runs along his east boundary, between Defendant's lot and a lot his wife owns. There was no evidence presented at trial that, prior to this lawsuit, there was ever any dispute over the use of the drive.

On June 30, 1998, the chancellor granted a temporary injunction limiting Plaintiffs' use of the drive to passenger vehicles and farm implements and specifically prohibiting the use of heavy equipment. On October 18, 1999, following a bench trial, the chancellor entered a permanent injunction in favor of Plaintiffs, specifically finding that Plaintiffs have a right to the use of the drive as an implied or prescriptive easement. Defendant has appealed and presents one issue on appeal: whether the trial court erred in finding that Plaintiffs are entitled to an easement on the disputed drive located on Defendant's property by implication and/or prescription.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. *See* Tenn. R. App. P. 13(d). Although the evidence to establish a prescriptive easement is somewhat sketchy, we agree with the chancellor that Plaintiffs have established an implied easement over the road in question.

An easement is "a right an owner has to some lawful use of the real property of another." *Pevear v. Hunt*, 924 S.W.2d 114, 115 (Tenn. Ct. App. 1996). Various forms of easements exist under Tennessee law, including: express easements; easements by reservation; implied easements; prescriptive easements; and easements by estoppel. *See id.* Tennessee courts recognize two general categories of easements: easements in gross and easements appurtenant. *See id.* In *Pevear*, this Court explained the difference between these two forms of easements:

> In an easement appurtenant, there are 2 tracts of land, the dominant tenement, and the servient tenement. The dominant tenement benefits in some way from the use of the servient tenement. Easements in gross are simply a personal interest or right to use the land of another which does not benefit another property, or dominant estate, thus easements in gross usually involve only one parcel. An easement appurtenant to land is favored over an easement in gross in Tennessee. *Goetz v. Knoxville Power & Light Co.*, 154 Tenn. 545, 290 S.W. 409 (1926).

---

[1] There is no indication in the record that any of the other property owners along the drive object to Plaintiffs' use of the drive.

***Id.*** at 116.

In a recent opinion, we addressed the issue of implied easements:

> An implied easement appurtenant should only arise where it is of such necessity that we may presume it was within the contemplation of the parties to a conveyance. ***See La Rue***, 166 S.W.2d at 1049.
>
> The party asserting an implied easement has the burden of showing "the existence of all facts necessary to create by implication an easement appurtenant to his estate." ***Line v. Miller***, 309 S.W.2d 376, 377 (Tenn. Ct. App. 1957).

***The Pointe, LLC v. Lake Management Assoc., Inc.***, No. W2000-00211, slip op. at 7-8 (Tenn. Ct. App. November 6, 2000). The party asserting the existence of an easement by implication must prove three elements:

> ". . . (1) A separation of the title; (2) Necessity that, before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be permanent; and (3) Necessity that the easement be essential to the beneficial enjoyment of the land granted or retained...."

***Johnson v. Headrick***, 237 S.W.2d 567, 570 (Tenn. Ct. App. 1948) (quoting 17 Am. Jur. *Easements*, pp. 945, 946). Courts in Tennessee have interpreted the term "necessity" as meaning "reasonably necessary" for the enjoyment of the dominant tenement. ***See, e.g., Line v. Miller***, 309 S.W.2d 376, 377 (Tenn. Ct. App. 1957); ***Johnson v. Headrick***, 237 S.W.2d at 570.

In this case, the record indicates that Grady Ingle, Plaintiff Maelene Fowler's father, owned the entire tract of land at one time. Ms. Fowler testified that the disputed road has been in existence for 35 years, and that she knew of no other access to her parcel but by way of the drive. Defendant testified that the road was plainly visible when he purchased his property, and he conceded that the road has been in existence a long time. Finally, the trial court, in its opinion, noted that the Plaintiffs' parcel is "land-locked", rendering use of the road "reasonably necessary" to the enjoyment of Plaintiffs' land.

Defendant suggests that Plaintiffs could bypass the disputed road and access their property by way of a narrow strip of land that Plaintiffs own behind Defendant's home. We note that the record includes testimony that the Defendant in this case is the owner of an out-building which is located, at least in part, on this strip of Plaintiffs' land. Even if Defendant were to remove any buildings which obstruct this strip of Plaintiffs' property, Plaintiffs would still be required to cross

property which does not belong to them in order to access the nearest public road. Additionally, as the trial court noted in its opinion, "it would be expensive to construct and improve a road to the quality of the one which has been used for more than twenty years." The evidence does not preponderate against the chancellor's finding that the proof established the three elements of implied easement.

Accordingly, the final decree of the trial court is affirmed. This case is remanded to the trial court for any further proceedings as are necessary. Costs of this appeal are assessed to the Defendant/Appellant, Jerry Wilbanks, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.