IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 19, 2008 Session

**TERESA WALKER NEWMAN v. WAYNE WOODARD, ET AL.**

Direct Appeal from the Chancery Court for Lauderdale County
No. 13749    William C. Cole, Judge

No. W2007-02713-COA-R3-CV - Filed September 17, 2008

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and
Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and
HOLLY M. KIRBY, J., joined.

J. Thomas Caldwell, Ripley, Tennessee, for the appellant, Teresa Walker Newman.

Steven B. Crain, Ripley, Tennessee, for the appellees, Wayne Woodard and Douglas Woodard.

**OPINION**

This case concerns the access rights of a landowner to a section of her property divided from
the rest of her land by a steep bluff. The trial court held that the landowner did not have an implied
easement through her neighbor's land to access her property at the bottom of the bluff because the
there was insufficient evidence that the right-of-way preexisted severance of the properties. The trial
court determined that Mrs. Newman did not have an implied easement by necessity because there
was insufficient evidence that Mrs. Newman would be unable build a road down the bluff for a
reasonable cost. Because the evidence does not preponderate otherwise, we affirm that Mrs.
Newman does not have an implied easement or an implied easement by necessity over the right-of-
way. The trial court also held that Mrs. Newman lacked a prescriptive easement over the right-or-
way because she failed to prove that her use was exclusive; we affirm on the basis that Mrs. Newman
failed to demonstrate that her use of the right-of-way was continuous.

*Background and Procedural History*

Plaintiff/Appellant Teresa Walker Newman ("Mrs. Newman") inherited several tracts of
land from her mother. The tracts create a rectangular parcel, and the easternmost border touches
a paved public road, Polly Walker Road. Toward the western border a steep bluff separates

fifteen acres from the majority of Newman's land. Because of the difference in elevation, Mrs. Newman argues that she can only access the fifteen acres at the foot of the bluff across Defendant/Appellees Wayne and Douglas Woodards' ("the Woodards") property on the western border.

The Woodards now own seventy acres northwest of Newman's property, adjacent, but perpendicular to, the fifteen acres at the foot of the bluff. In 1987, the Woodards first purchased approximately fifty acres which they accessed by Jay Johnson Road, a country, gravel road north of Mrs. Newman's property that ran west from Polly Walker Road down the bluff. At the foot of the bluff, Jay Johnson Road ended and lead into a private dirt field road that extended west, then south across the Woodards' fifty acres and then ran further south along the property line between an adjoining twenty acre farm and Mrs. Newman's fifteen acres at the foot of the bluff. In the 1990s the Woodards began leasing the fifteen acres from Mrs. Newman's mother, and in 1999 the Woodards purchased the adjoining twenty acre farm. The Woodards claim that they planted over the field road that ran across the fifty acres in 1999. Mrs. Newman now claims that she has a right to access her fifteen acres across the Woodards' fifty and twenty acre tracts because she has an easement over the former field road.

On May 7, 2007, Mrs. Newman filed a claim that she had an easement in the Chancery Court of Lauderdale County. The trial court held a bench trial on October 30, 2007, and issued a final judgment on November 7, 2007, granting judgment in favor of Defendants, the Woodards. Mrs. Newman filed a timely notice of appeal on November 29, 2007.

### Issues Presented

Mrs. Newman presents the following issues on appeal:

(1)     Whether the Chancellor erred in failing to find an easement by prescription over and across Appellee's property.

(2)     Whether the Chancellor erred in failing to find an easement by implication over and across Appellee's property.[1]

### Standard of Review

Because the trial court adjudicated this case without a jury, we review the decision *de novo* upon the record and presume the correctness of the trial court's factual findings. Tenn. R. App. P. 13(d); *Fowler v. Wilbanks*, 48 S.W.3d 738, 740 (Tenn. Ct. App. 2000). We will not

---

[1]The trial court also held that Mrs. Newman did not have an express easement over the field road. Although the Woodards' deed to the fifty acre tract stated that there was a "farm road easement" over the property, the trial court found that the express easement was granted to the adjacent twenty acre tract and not to Mrs. Newman's property. Mrs. Newman does not raise this issue on appeal.

reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. *Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn. 2000). If the trial court's factual determinations are based on its assessment of witness credibility, this Court will not reevaluate that assessment absent clear and convincing evidence to the contrary. *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002). If the trial court fails to make findings of fact, however, our review is *de novo* with no presumption of correctness. *Archer v. Archer*, 907 S.W.2d 412, 416 (Tenn. Ct. App.1995). On the other hand, we review the trial court's application of law *de novo* with no presumption of correctness. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). Similarly, we review mixed questions of law and fact *de novo*, with no presumption of correctness. *State v. Thacker*, 164 S.W.3d 208, 248 (Tenn. 2005).

Mrs. Newman asserts on appeal that the trial court erred when it determined that she did not have an easement across the Woodards' property. Tennessee recognizes several different types of easements: (1) express grant, (2) reservation, (3) implication, (4) prescription, (5) estoppel, and (6) eminent domain. *Cellco Partnership v. Shelby County*, 172 S.W.3d 574, 588 (Tenn. Ct. App. 2005). Easements are also broadly divided into two classes: easements appurtenant and easements in gross. *Id.* An easement in gross is a personal interest or right to use a parcel of land that does not benefit the land. *Id.* Easements appurtenant, on the other hand, involve two tracts of land, and the dominant tenement benefits from the use of the servient tenement. *Id.* Easements appurtenant run with the land and may be enforced by subsequent purchasers of the dominant tenement against owners of the servient tenement. *Id.* This case involves an easement appurtenant because Mrs. Newman claims a right-of-way over the Woodards' field road for the benefit of the fifteen acres of her property that lies at the foot of the bluff.

### *Analysis*

On appeal, Mrs. Newman asserts that she has an implied easement, an easement by necessity, and a prescriptive easement over the former field road. The trial court held that Mrs. Newman did not have any easement over the Woodards' property. We address each separate argument below.

### *Implied Easement*

We first turn to whether Mrs. Newman had an implied easement to use the field road. The party seeking to establish an easement by implication has the burden of proving the following three elements by a preponderance of the evidence:

> (1) A separation of title; (2) Necessity that before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be permanent; and (3) Necessity that the easement be essential to the beneficial enjoyment of the land granted or retained.

-3-

*Fowler v. Wilbanks*, 48 S.W.3d 738, 741 (Tenn. Ct. App. 2000) (citing *Johnson v. Headrick*, 237 S.W.2d 567, 570 (1948)). Tennessee does not, however, require strict or absolute necessity; rather, an easement by implication should only arise where it is of such necessity that it must be presumed to have been within the contemplation of the parties. *Fowler v. Wilbanks*, 48 S.W.3d 738, 740 (Tenn. Ct. App. 2000) (citing *LaRue v. Greene County Bank*, 166 S.W. 2d 1044, 1049 (Tenn. 1942)).

As for the requirement that the use must have been obvious enough to indicate permanency, this Court stated the following in *Cellco Partnership v. Shelby County*:

> In order to show that the preexisting use was permanent, the owner of the dominant estate must prove that the common owner used the premises in an altered condition long enough before the conveyance. The owner of the dominant estate is not required to prove that his use of the claimed easement occurred before the common owner severed the estates to show permanency of the claimed easement. Apparent or obvious use in this connection does not mean actual visibility, but rather susceptibility of ascertainment on reasonable inspection by persons ordinarily conversant with the subject.

*Cellco Partnership v. Shelby County*, 172 S.W.3d 574, 590 (Tenn. Ct. App. 2005) (citing 28A C.J.S. Easements § 64 (1996)).

Mrs. Newman argues that the trial court erred when it determined that she did not have an implied easement. The trial court found that Mrs. Newman provided insufficient evidence that the field road preexisted the severance of the properties and that the severing parties intended for future owners of the fifteen acres at the foot of the bluff to have permanent use of the field road to access their property. On appeal Mrs. Newman relies on her argument made to the trial court that witness' testimony that the field road has been used by her family since the 1950s was sufficient evidence of an implied easement.

At trial, Mrs. Newman presented several deeds that traced her land and the Woodards' land to a single piece of property called the "Marley tract." Lauderdale County Court minutes indicate that the Marley tract was originally severed into separate parcels in 1910. Additionally, several witnesses testified that they recalled the field road existing over the Woodards' property for many years back. Mrs. Newman's uncle, Thurston Walker, who was 60 years old at the time of trial, testified that he was familiar with Mrs. Newman's land since he was twelve years old and remembered the field road existing "as long as [he] can remember." Eddie Roy Maxwell ("Mr. Maxwell"), a neighbor who previously farmed Mrs. Newman's fifteen acres, testified that he has been familiar with the land "practically all [his] life." Mr. Maxwell also testified that he used the field road to go back to Mrs. Newman's property for 40 years before the Woodards bought the property. Freddie Wakefield testified that he farmed the land presently owned by the Woodards for "years and years" and that the field road existed in the early 1980s and for at least twenty years before that. Joe Abb Walker, another of Mrs. Newman's uncles, testified that he is familiar

with Mrs. Newman's farm since the early 1950s and was familiar with the field road that existed during this time.  In addition, both Mrs. Newman, who was 48 at the time of trial,  and her husband, Mark Newman, age 46 at trial,  testified that the field road existed since they were children.  Each of Newman's witnesses admitted, however, that they were not alive in 1910 and did not know what arrangements the owners of the Marley tract made when originally severing Mrs. Newman's land from the Woodards' property.

The trial court held that Mrs. Newman did not have an implied easement.  Although it found that there was a separation of title between the Newman and the Woodards' properties, the trial court also found that Mrs. Newman failed to present evidence that there was a preexisting route between the two properties at the time of separation.  At trial, Mrs. Newman presented the minutes of the Lauderdale County Court dated July 26, 1910, as evidence that both the Woodards' and Mrs. Newman's property were once part of the greater "Marley tract" divided in 1910.  Although Mrs. Newman presented witnesses that testified that the field road existed for decades before trial, none of the witnesses could testify to the use of the field road before the previous owners severed the property  in 1910.  The trial court noted evidence that there was no preexisting route in the 1910 County Court Minutes Book and that a surveyor's map indicated that Lot 7 and Lot 8 of the Marley tract, which comprised the modern-day Newman and Woodard properties, were not cleared at the time of separation.

We find that the evidence does not preponderate against the trial court's finding.  Mrs. Newman presented no evidence that the field road existed at the time the properties were separated or that the severing owners intended such a road to be a permanent means of travel between the two tracts.  We, therefore, affirm the trial court's determination that Mrs. Newman does not have an implied easement.

### *Easement by Necessity*

Mrs. Newman's failure to prove that the field-road existed in 1910 does not end our inquiry.  As this Court recognized in *Cellco Partnership v. Shelby County*, an implied easement is distinct from an implied easement by necessity; an implied easement by necessity  allows for the establishment of a right-of-way where one previously did not exist.  *Cellco Parternship v. Shelby County*, 172 S.W.3d 574, 591 (Tenn. Ct. App. 2005).  An easement by necessity is a type of implied easement based upon the premise that wherever one conveys property he also conveys whatever is necessary for its beneficial use and enjoyment, including access to one's property. *Id.* at 591–92.  The party claiming the right-of-way bears the burden of  proving the following: (1) the titles to the two tracts in question must have been held by one person; (2) the unity of title must have been severed by a conveyance of one of the tracts; (3) the easement must be necessary in order for the owner of the dominant tenement to use his land with the necessity existing both at the time of the severance of title and the time of exercise of the easement.  *Id.* at 592.

This Court recognizes that the third element, that the easement be necessary to use the land, arises when a conveyance causes land to become landlocked.  *Id.* (citing 28A C.J.S.

Easements § 93 (1996)).  Although Tennessee does not require "strict necessity," the degree of necessity must be more than "mere convenience."  *Id.* (citations omitted).  Where the claimant has another reasonable or practicable mode of ingress and egress, this Court will not imply a way of necessity.  *Id.* at 593 (citing 28A C.J.S. Easements § 97 (1996)).  Where the party claiming the right can, at reasonable cost, create a substitute on his own estate the easement is not necessary. *Line v. Miller*, 309 S.W.2d 376, 351 (Tenn. Ct. App. 1957).

On appeal, Mrs. Newman asserts that the trial court erred when it determined that she did not have an implied easement by necessity.  The trial court found that Mrs. Newman failed to sustain her burden of proving that the cost of building a road down the bluff would be unreasonable.  At trial, there was conflicting testimony about Mrs. Newman's accessibility over the bluff to her fifteen acres. Two neighbors familiar with the land, Mrs. Newman's uncle, and Mrs. Newman's husband testified that the bluff was impassable with farm equipment.  Mr. Woodard, another neighbor, and a bulldozer operator testified that there was an overgrown field road on Mrs. Newman's property that lead down the bluff to the fifteen acres.  The bulldozer operator, Albert Blankenship ("Mr. Blankenship"), asserted at trial that for six hundred to a thousand dollars he could improve the overgrown field road so that Mrs. Newman could drive farm equipment down the bluff.  Although Mrs. Newman questioned the feasibility and durability of the road Mr. Blankenship claimed he could create, she failed to present evidence at trial contradicting Mr. Blankenship's testimony that he could create a road at a reasonable expense.

Upon review of the record, we find no testimony that it would be impracticable to build a road down the bluff or that the cost of building such a road would exceed Mr. Blankenship's thousand-dollar estimate.  Mrs. Newman, therefore, failed to prove that the cost of creating a road down the bluff was unreasonable, and we affirm the trial court's determination that Mrs. Newman did not have an implied easement by necessity over the Woodards' property.

### *Easement By Prescription*

Although Tennessee courts have applied a preponderance of the evidence standard in cases involving implied easements, a party claiming a prescriptive easement must demonstrate the necessary elements by clear and convincing evidence.  *Stone v. Brickey*, 70 S.W.3d 82, 86 (Tenn. Ct. App. 2001).  This Court explained the clear and convincing standard as follows:

> Although it does not require as much certainty as the "beyond a reasonable doubt" standard, the "clear and convincing evidence" standard is more exacting than the "preponderance of the evidence" standard. *O'Daniel v. Messier,* 905 S.W.2d 182, 188 (Tenn. Ct. App.1995); *Brandon v. Wright,* 838 S.W.2d 532, 536 (Tenn. Ct. App.1992). In order to be clear and convincing, evidence must eliminate any serious or substantial doubt about the correctness of the conclusions to be drawn from the evidence. *Hodges v. S.C. Toof & Co.,* 833 S.W.2d 896, 901 n. 3 (Tenn.1992); *O'Daniel v. Messier,* 905 S.W.2d at 188. Such evidence should

produce in the fact-finder's mind a firm belief or conviction as to the truth of the allegations sought to be established. *O'Daniel v. Messier,* 905 S.W.2d at 188; *Wiltcher v. Bradley,* 708 S.W.2d 407, 411 (Tenn. Ct. App.1985). In contrast to the preponderance of the evidence standard, clear and convincing evidence should demonstrate that the truth of the facts asserted is "highly probable" as opposed to merely "more probable" than not. *Lettner v. Plummer,* 559 S.W.2d 785, 787 (Tenn.1977); *Goldsmith v. Roberts,* 622 S.W.2d 438, 441 (Tenn. Ct. App.1981); *Brandon v. Wright,* 838 S.W.2d [532, 536 (Tenn. Ct. App. 1992)].

*In re C.W.W.*, 37 S.W.3d 467, 474 (Tenn. Ct. App.,2000) (quoting *In re M.C.G.*, No. 01A01-9809-JV-00461, 1999 WL 332729, at *6 (Tenn. Ct. App. May 26, 1999) (quoting *Bingham v. Knipp,* No. 02A01-9803-CH-00083, 1999 WL 86985, at *3 (Tenn. Ct. App. Feb.23, 1999))).

In order to demonstrate a prescriptive easement, a claimant must prove that the use and enjoyment of land which gives rise to a prescriptive easement must be adverse, under claim of right, continuous, uninterrupted, open, visible, exclusive, with knowledge and acquiescence of the owner of the servient tenement, and must continue for the full twenty year prescriptive period. *House v. Close*, 346 S.W.2d 445, 447 (Tenn. Ct. App. 1961). This Court has held that intermittent or seasonal use is insufficient evidence to establish that a claimant continuously used the land. *McCammon v. Meredith*, 830 S.W.2d 577, 580 (Tenn. Ct. App. 1991). Where a landowner occasionally uses a road to move farm equipment, the evidence is not sufficient to establish an easement by prescription. *Id.*

The trial court determined that Mrs. Newman did not have a prescriptive easement because it found that other witnesses used the field road and that Mrs. Newman failed to demonstrate that her use of the field road was exclusive. We affirm on the grounds that Mrs. Newman failed to prove that her use of the land was continuous.[2]

Upon review of the record we note that Mrs. Newman simply failed to demonstrate by clear and convincing evidence that she or her predecessors in title continuously used the field road. The record is not clear how often Mrs. Newman, her family, or her tenants used the field road to access the fifteen acres. Some of Newman's family members only testified that they used the fifteen acres once a year to pick pecans. Generally, witnesses testified that the field road consistently existed for decades prior to 1999, but there was no evidence of how often Mrs. Newman and her family actually used the road to access the fifteen acres. At most, the evidence indicated that Mrs. Newman's predecessors intermittently used the road during the years that they may have farmed the fifteen acres of their land. This is insufficient evidence to prove continuous use of the field road by clear and convincing evidence. We, therefore, affirm the trial court's finding that Mrs. Newman does not have a prescriptive easement over the field road.

---

[2]This court may affirm a trial court's award of summary judgment on grounds differing from those which provided the basis for the trial court's decision. *Hill v. Lamberth,* 73 S.W.3d 131, 136 (Tenn. Ct. App. 2001).

***Conclusion***

In light of the foregoing, we affirm the judgment of the trial court. Costs of this appeal are taxed to the Appellant, Theresa Walker Newman, and her surety, for which execution may issue if necessary.

_____

DAVID R. FARMER, JUDGE