# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
August 10, 2016 Session

### DWIGHT DOUGLAS ET AL. V. CHARLOTTE CORNWELL

**Appeal from the Circuit Court for Washington County**
**No. 28386     Jean A. Stanley, Judge**

_____

### No. E2016-00124-COA-R3-CV-FILED-SEPTEMBER 28, 2016

_____

At issue is whether an easement for ingress and egress exists. Plaintiffs commenced this action to enjoin the adjacent property owner from using Plaintiffs' driveway for ingress and egress. Defendant filed a counterclaim asserting that she had an easement by implication; alternatively, she claimed Plaintiffs purchased the property subject to an easement because the easement was apparent upon inspection. The dispositive issue concerning the alleged easement by implication is whether the easement is essential to Defendant's beneficial enjoyment of her property. The trial court found that Defendant failed to establish that she would incur an unreasonable expenditure to create another means of ingress and egress to her property; therefore, the easement was not a necessity. The court also found that the claimed easement was not apparent upon inspection. Accordingly, the court enjoined Defendant from using the driveway for ingress and egress. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and JOHN W. MCCLARTY, JJ., joined.

Mark S. Dugger, Elizabethton, Tennessee, for the appellant, Charlotte Cornwell.

Rick J. Bearfield, Johnson City, Tennessee, for the appellees, Dwight Douglas and Keela Douglas.

### OPINION

The two parcels at issue were initially under the common ownership of Andrew Barnes, who acquired the property in 1958. In 1969, Mr. Barnes conveyed by quitclaim deed a portion of his property to his daughter, Charlotte Cornwell ("Defendant"). Defendant built a house on her property in 1972. Although her property joined a public

road, Defendant did not construct a driveway to access the property from this road. Instead, although she never received an express easement for such purpose, Defendant used a driveway on her father's property for ingress and egress. Defendant has continuously used this driveway since 1972.

Mr. Barnes died intestate in 2003. He was survived by six heirs at law: Defendant; her sister, Evelyn Norwood; and their four nieces and nephews, Keela Douglas, Christopher Hodges, Kathy Barnes, and Kent Barnes.[1] Unfortunately the sisters and their nieces and nephews could not agree upon the disposition of the property they inherited.

In 2006, Defendant initiated an action to partition the property the six heirs inherited. The heirs submitted the matter to mediation and, during the course of the mediation, discussed, *inter alia*, granting Defendant an easement concerning the driveway Defendant used for ingress and egress and dividing the property among the heirs with certain cash considerations. The mediator drafted a tentative agreement which included this right of way. The portion of the mediation agreement discussing Defendant's purported easement states:

> All interested parties will execute a formal writing to be prepared giving Charlotte Cornwell a non-exclusive right of way for ingress and egress to and from her own property. That right of way will traverse along the driveway described as "her father's drive-way" as well as her own driveway and will run with the land.

The mediation agreement also required the parties to subsequently agree upon certain economic issues, which they failed to do. As a consequence, the mediation agreement was never acted upon. After the mediation failed, the chancery court ordered the property be sold.

The clerk and master conducted the partition sale, and the property was sold to a third party, Gary Sanders. The deed conveying the property to Mr. Sanders did not include or make any reference to an easement for Defendant's use of the driveway.

In 2009, Mr. Sanders sold the property to Dwight Douglas. Mr. Douglas is married to one of Mr. Barnes' grandchildren, Keela Douglas; however, Keela Douglas' name does not appear on the deed. The warranty deed to Mr. Douglas states that the conveyance "is expressly made subject to any and all restrictions, reservations, covenants and conditions contained in former deeds and other instruments of record as may now be

---

[1] Andrew Barnes had four children: Marvene Hodges, Evelyn Norwood, Allen Barnes, and Defendant. Marvene and Allen predeceased Mr. Barnes; however, both were survived by children of their own. Marvene was survived by two children: Keela Douglas and Christopher Hodges. Allen was survived by two children: Kathy Barnes and Kent Barnes.

binding on said property, and to any easements apparent from an inspection of said property."

On May 6, 2010, Mr. Douglas and his wife, Keela Douglas (collectively "Plaintiffs"), commenced this action in the Washington County Circuit Court to enjoin Defendant from using their driveway for ingress and egress.[2] Defendant filed an answer and counterclaim to establish that she had an easement upon the disputed property. Specifically, Defendant averred that she has continuously, openly, and notoriously used the driveway for ingress and egress for over 40 years and, thus, obtained a prescriptive easement over the disputed area. In May 2014, Defendant amended her counterclaim to assert an easement by implication over the disputed driveway. Defendant claimed that an easement by implication should be recognized because both properties were part of a common tract once owned by Defendant's father, the driveway was in existence prior to the separation of the property, and the driveway is necessary to the beneficial use and enjoyment of Defendant's property. Plaintiffs replied to the amended counterclaim, denying that Defendant is entitled to an easement by implication and asserted the affirmative defenses of estoppel, unclean hands, abandonment of the easement, waiver, and extinction by merger.

The case was tried without a jury on May 1, 2015. At the beginning of trial, the parties stipulated that there is no prescriptive easement. As for Defendant's claim of an easement by implication, the parties stipulated that two of the three essential elements are present and that the only element at issue was whether the continued use of the driveway was necessary for the beneficial use and enjoyment of Defendant's property.[3] The other claim to be tried was Defendant's assertion that Plaintiffs acquired the property subject to her easement because the driveway was visible upon inspection when Plaintiffs acquired the property and Plaintiffs' deed contained a limitation making it subject to any "easements apparent upon inspection."

At trial, Plaintiff submitted evidence to rebut Defendant's claim of easement by implication by showing that Defendant could construct an alternate means of ingress and egress to her property because she has 200 feet affronting a county road. Accordingly,

---

[2] The warranty deed from Mr. Sanders conveyed the property to Dwight Douglas; Keela Douglas' name does not appear on the deed. Nevertheless, Keela Douglas has standing to bring this action along with her husband based on her marital rights to the property, and Defendant does not challenge her standing.

[3] As described below, to establish an implied easement a party must show that there is: "(1) [a] separation of title; (2) [n]ecessity that before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be permanent; and (3) [n]ecessity that the easement be essential to the beneficial enjoyment of the land granted or retained." *Newman v. Woodard*, 288 S.W.3d 862, 866 (Tenn. Ct. App. 2008) (quoting *Fowler v. Wilbanks*, 48 S.W.3d 738, 741 (Tenn. Ct. App. 2000)).

Plaintiffs argued that the driveway crossing their property was not reasonably necessary to Defendant's enjoyment of her land.

Defendant testified that it would be impossible to build a separate driveway due to her limited income of $1,400 a month. In support of this assertion, she submitted the deposition testimony of a land surveyor, Stephen Pierce. Mr. Pierce stated that constructing an alternate access would be "fairly difficult because of the change of elevation and the steepness and the angle that it would have to be constructed off of [the county road]," and that such an undertaking would cost around $20,000. However, on cross examination, Mr. Pierce stated that this figure was a "ballpark" estimate and acknowledged that he is not a contractor or "a construction estimator." Mr. Pierce also admitted that he did not calculate the amount of fill that would be required to construct a driveway, the number of hours or people it would take to complete such a task, how many feet of ground would have to be disturbed to build the driveway, or what size retaining wall that would be required.

As for her claim that Plaintiffs purchased the property subject to her open and obvious easement, Defendant testified that her use of the driveway was open and obvious from an inspection of Plaintiffs' land and Plaintiffs' deed states that title is subject to "any easements apparent from inspection."

After closing arguments, the trial court found that there was no implied easement and the driveway did not constitute an open and obvious easement. The court explained its reasoning from the bench as follows:

> First of all, it's uncontroverted there is no easement of record. Therefore, at first glance, [Plaintiffs] would simply have carried their burden of proof and . . . we would be done. However, [Defendant] has a counterclaim and says that she has an easement on the property basically with two arguments[.] [First,] that there's an open and obvious use of the driveway which gives [Defendant] the right to that easement by virtue of . . . [P]laintiffs' deed saying they take subject to [easements apparent on inspection]. [Second,] is that [Defendant] has an easement by implication.
>
> Number one, . . . [a] driveway . . . is not the same as an open and obvious easement, so the Court does find that [Defendant] fails on that point.
>
> The second question is whether or not [Defendant] has an easement by implication and the Court has to look at whether or not there is a . . . necessity. There . . . should be a necessity that the easement be essential to the beneficial enjoyment of the land. One thing the Court would consider in that regard is the cost associated with a new driveway. . . . [T]here in comes into play the expert witness, the surveyor. . . . [T]he Court does find him to

be qualified and to be credible to tell the Court that there is some topographical issues, that this could in fact be a difficult driveway to install on this property; however, the surveyor testified that the $20,000 [necessary to construct a new driveway] was a ballpark, it was a guess. He later came back and said . . . he could say that [figure] within a reasonable degree of engineering certainty. I don't know what engineering certainty has to do with his testimony as a surveyor so it was a guess. It was a ballpark. . . . So the Court doesn't know what that new driveway will cost.

Nobody said it was impossible to put a second driveway in except for [Defendant] . . . . I don't think she's lying to me, I think she thinks it's not possible to put one in. But the fact is I think it is possible to have an alternative driveway. Is it going to be expensive? Probably. Is it going to take some time and some fill? Probably. But can I say that she has carried the burden of proof that this would require an unreasonable expenditure to create this new driveway[?] [T]he Court cannot say that. Therefore, [Defendant] fails on that action. The Court does not find an easement by implication.

Accordingly, the court granted Plaintiffs' request for an injunction to prevent Defendant from using the driveway. Defendant filed a motion to alter or amend the judgment and to amend the pleadings to allege easement by estoppel, which motion was denied by the trial court.

Thereafter, Defendant initiated this appeal and raises the following issues: (1) whether the mediation agreement which provided that Plaintiff would convey a right of way over the disputed driveway to Defendant created an express easement to Defendant; (2) whether the trial court erred by failing to find that Defendant is entitled to an easement by estoppel over the disputed driveway; (3) whether the trial court applied the incorrect standard and erred by failing to find the existence of an implied easement over the disputed driveway; and (4) whether the trial court erred in ruling that the limitation in Plaintiffs' deed, "easements apparent upon inspection," did not refer to the disputed driveway.

## STANDARD OF REVIEW

The factual findings of a trial court are accorded a presumption of correctness, and this court will not overturn those findings unless the evidence preponderates against them. *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001); Tenn. R. App. P. 13(d). We review the trial court's legal conclusions under a pure de novo standard of review, according no deference to the conclusions of law made by the lower courts. *S. Constructors, Inc. v. Loudon Cnty. Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

## ANALYSIS

An easement is an interest in property that confers on its holder a legally enforceable right to use another's realty for a specific purpose. *Smith v. Evans*, No. M2007-02855-COA-R3-CV, 2008 WL 3983117, at \*2 (Tenn. Ct. App. Aug. 27, 2008) (citing *Hall v. Pippin*, 984 S.W.2d 617, 620 (Tenn. Ct. App. 1998)). This interest can be created in several different ways. *Id.* (citing *Pevear v. Hunt*, 924 S.W.2d 114, 115-16 (Tenn. Ct. App. 1996)). The methods applicable to the present case are: (1) express grant; (2) estoppel; and (3) implication.[4]

## I. EASEMENT BY EXPRESS GRANT

Defendant contends the mediation agreement entered into between the parties created an express easement in her favor and that the trial court erred by failing to consider this evidence. However, we have determined that Defendant did not assert this claim in the trial court. As a consequence Defendant has waived this claim.

Rule 8.01 of the Tennessee Rules of Civil Procedure requires defendants who wish to assert an affirmative claim to file a counterclaim that provides "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, parties are required to "set forth affirmatively facts in short and plain terms relied upon to constitute . . . an affirmative defense." Tenn. R. Civ. P. 8.03. As a general rule, a claim or defense not raised in a party's pleadings or at trial is deemed waived. *See* Tenn. R. Civ. P. 12.08 ("A party waives all defenses and objections which the party does not present either by motion . . . or . . . in the party's answer or reply, or any amendments thereto"); *Moses v. Dirghangi*, 430 S.W.3d 371, 376 (Tenn. Ct. App. 2013) ("There is no duty on the part of the court to create a claim that the pleader does not spell out in his complaint.").

Here, Defendant never asserted a claim of an express easement in her pleadings. Moreover, she did not assert this claim at trial; to the contrary, she objected to evidence presented by Plaintiffs regarding the mediation agreement, which would have been the only basis for an express easement. Accordingly, Defendant waived any claim of an express easement.

---

[4] Easements may also be created by prescription, necessity, reservation, or eminent domain. *Pevear*, 924 S.W.2d at 115-16. Additionally, easements can be divided into two broad classes: easements appurtenant and easements in gross. *Id.* An easement appurtenant involves two tracts of land—the dominant tenement and the servient tenement—whereby the dominant tenement benefits in some way from the use of the servient tenement. Easements in gross are simply a personal interest or right to use the land of another which does not benefit another property, or dominant estate; thus, easements in gross usually involve only one parcel. *Id.* This case involves a dispute between the owners of two neighboring parcels over a purported easement appurtenant.

For the forgoing reasons, the mediation agreement entered into between the parties cannot be relied upon to establish an express easement.

## II. EASEMENT BY ESTOPPEL

Defendant contends she is entitled to an easement by estoppel because Plaintiffs were aware of the driveway accessing Defendant's property prior to their purchase of their land and because Plaintiffs' deed contained a limitation making it subject to any "easements visible upon inspection." However, as was the case with the claim of an express easement, Defendant did not plead such a claim and she did not present proof of nor argued the issue of easement by estoppel at trial. Defendant filed a post-trial Rule 15.02 motion to amend the pleadings to include estoppel; however, the trial court denied this motion, and we find no abuse of discretion with this decision. *See In re Estate of Haskins*, 224 S.W.3d 675, 685 (Tenn. Ct. App. 2006) ("The granting or denying of a motion to amend is within the sound discretion of the trial court and will be reversed only for an abuse of discretion.").

As stated above, a claim or defense not raised in a party's pleadings or argued at trial is deemed waived. *See Taylor v. Beard*, 104 S.W.3d 507, 511 (Tenn. 2003). Accordingly, Defendant is precluded from asserting this issue on appeal.

## III. EASEMENT BY IMPLICATION

Defendant properly asserted her claim of an implied easement and contends in this appeal that the trial court erred by applying a standard of "strict necessity" to her claim.

To establish an easement by implication, the party asserting the easement has the burden of proving the following three elements by a preponderance of the evidence:

> (1) A separation of title; (2) necessity that before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be permanent; and (3) necessity that the easement be essential to the beneficial enjoyment of the land granted or retained.[5]

*Newman v. Woodard*, 288 S.W.3d 862, 866 (Tenn. Ct. App. 2008) (citing *Fowler v. Wilbanks*, 48 S.W.3d 738, 741 (Tenn. Ct. App. 2000)). "The reasoning behind implied

---

[5] A fourth element of "continuous servitude" has been added on occasion; however, we have previously noted that this element is "subsumed within the other three long-established elements." *Eberle v. Elliot*, No. E2012-00298-COA-R3-CV, 2013 WL 3357129, at \*5 (Tenn. Ct. App. June 28, 2013) (citing *Ingram v. Wasson*, 379 S.W.3d 227, 242 n.17 (Tenn. Ct. App. 2011); *Cellco P'Ship v. Shelby Cnty.*, 172 S.W.3d 574, 589 (Tenn. Ct. App. 2005)).

easements is that a grantor intends to include in a conveyance whatever is necessary for the beneficial use and enjoyment of the property conveyed." *Adcock v. Witcher*, No. 01-A-01-9505-CH00220, 1995 WL 675852, at *4 (Tenn. Ct. App. Nov. 15, 1995). However, the law does not favor implied easements, and "the courts of this state have expressed a policy in favor of restricting the use of the doctrine." *Cellco P'Ship v. Shelby Cnty.*, 172 S.W.3d 574, 589 (Tenn. Ct. App. 2005) (citing *Cole v. Dych*, 535 S.W.2d 315, 318 (Tenn. 1976)).

In this case, the parties stipulated that the first two elements required for an implied easement exist. The third element, whether the purported easement is necessary and essential to the beneficial enjoyment of Defendant's land, is in dispute.

In determining whether an easement is necessary to the beneficial enjoyment of an individual's lands, "Tennessee does not . . . require strict or absolute necessity[.]" *Newman*, 288 S.W.3d at 866 (citing *Fowler*, 48 S.W.3d at 740). Instead, we have interpreted the term "necessity" as meaning "reasonably necessary" for the enjoyment of the dominant tenement. *Fowler*, 48 S.W.3d at 741 (citing *Line v. Miller*, 309 S.W.2d 376, 377 (Tenn. Ct. App. 1957); *Johnson v. Headrick*, 237 S.W.2d 567, 570 (Tenn. Ct. App. 1948)). "Under this rule, the easement must be of such necessity that it is presumed to have been within the contemplation of the parties at the time of the severance." *Rhoades v. Taylor*, No. M2001-00643-COA-R3-CV, 2003 WL 724672, at *5 (Tenn. Ct. App. March 4, 2003) (citing *LaRue v. Greene Cnty. Bank*, 166 S.W.2d 1044, 1049 (Tenn. 1942); *Line*, 309 S.W.2d at 377; *Johnson*, 237 S.W.2d at 570).

The cost of constructing an alternate means of ingress and egress is a factor that may be considered when assessing the necessity of an implied easement. *See Haun v. Haun*, No. E2004-01895-COA-R3-CV, 2005 WL 990566, at *6 (Tenn. Ct. App. April 28, 2005). For example, in *Rightsell v. Hale*, our Supreme Court upheld an easement by implication in order to access a public road because of the unreasonable expenditure required to create another means of accessing the property. *Rightsell v. Hale*, 18 S.W. 245, 246 (Tenn. 1891) ("While it was possible to make another way out . . . to make such other way at all convenient would involve an expenditure altogether disproportionate to the value of the estate to be benefited."). Conversely, where a replacement "would not involve an unreasonable or disproportionate expenditure," we have held that an implied easement is not reasonably necessary. *See Allison v. Allison*, 193 S.W.2d 476, 477-78 (Tenn. Ct. App. 1945); *Bradley v. McLeod*, 984 S.W.2d 929, 935 (Tenn. Ct. App. 1998), *overruled on other grounds by Harris v. Chern*, 33 S.W.3d 741, 742 (Tenn. 2000).

In this case, it is undisputed that Defendant's property has nearly 200 feet affronting a county road to which Defendant could conceivably construct an alternate driveway. However, Defendant argues that the cost of constructing an alternate driveway to this road would be excessive and, therefore, the current driveway accessing her land is reasonably necessary.

As indicated above, the party asserting the presence of an easement bears the burden of proving the required elements by a preponderance of the evidence. *Newman*, 288 S.W.3d at 866. Here, the proof presented by Defendant at trial consisted of Defendant's own testimony and the deposition testimony of Mr. Pierce, a professional land surveyor. Although Defendant originally testified that it would be "impossible" to construct an alternate driveway on her property due to her limited income, she later conceded that neither Mr. Pierce nor anyone else told her that a driveway could not be constructed on her property. Additionally, although Defendant presented the deposition testimony of Mr. Pierce—who estimated a cost of $20,000 for a replacement driveway—on cross-examination, Mr. Pierce stated that he is not "a construction estimator" and that his figure was merely a "ballpark" estimate. Further, Mr. Pierce admitted that he failed to calculate the amount of fill that would be required to construct a driveway, the number of hours or people it would take to complete such a task, how many feet of ground would have to be disturbed to build the driveway, or what size retaining wall that would be required.

Based on this evidence, the trial court concluded that, although Mr. Pierce was qualified as a licensed surveyor to testify regarding the topographical issues involved in constructing a new driveway, Mr. Pierce's testimony was not sufficient to establish a cost of constructing this driveway. Because no other evidence was presented regarding the cost of the driveway, the trial court held that Defendant failed to establish that construction of a new driveway would be unreasonably expensive.

After reviewing the record, we conclude that the evidence does not preponderate against this finding. Additionally, contrary to Defendant's assertion, the record indicates that the trial court applied the correct principle in reaching its conclusion. This standard required Defendant to put on competent proof that the driveway was reasonably necessary to the use and enjoyment of her property. In this case, Defendant's evidence failed to meet this requirement. Accordingly, we affirm the trial court's conclusion that Defendant is not entitled to an easement by implication.

## IV. THE LIMITATION IN PLAINTIFF'S DEED

Finally, Defendant contends Plaintiffs acquired the property subject to her interest in the driveway. This contention is based on the fact the driveway is visible upon inspection, it was in existence when Plaintiffs acquired the property, and Plaintiffs' deed contained a limitation making it subject to any "easements apparent upon inspection." [6]

---

[6] Specifically, Plaintiffs' deed states that it "is expressly made subject to any and all restrictions, reservations, covenants and conditions contained in former deeds and other instruments of record as may now be binding on said property, and to any easements apparent from an inspection of said property."

The provision making Plaintiffs' ownership subject to "easements apparent upon inspection" does not, in and of itself, create a new property interest in Defendant; instead, its purpose was to protect any previously existing legal interests. In this case, it is undisputed that there is no former deed or instrument of record containing a restriction, reservation, or covenant permitting Defendant to access the driveway. Further, as discussed above, we have determined that Defendant has not met her burden of proving that an easement exists in this case. Accordingly, we conclude that the language of Plaintiffs' deed does not entitle Defendant to access the disputed driveway.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Charlotte Cornwell.

_____
FRANK G. CLEMENT, JR., P.J., M.S.