IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 4, 2018

**HERBERT T. STAFFORD v. MATTHEW L. BRANAN**

**Appeal from the Chancery Court for Sequatchie County**
**No. 2482      Jeffrey F. Stewart, Judge**

————————————————————

**No. M2018-00072-COA-R3-CV**

————————————————————

Appellant appeals the trial court's grant of an easement by implication in favor of Appellee along a common driveway on Appellant's property. Because Appellee met his burden to establish an easement by implication, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and W. NEAL MCBRAYER, J., joined.

Howard L. Upchurch, Dunlap, Tennessee, for the appellant, Matthew L. Branan.

Edward L. Boring, Dunlap, Tennessee, for the appellee, Herbert T. Stafford.

**OPINION**

**I. Background**

Appellant Matthew L. Branan and Appellee Herbert T. Stafford are neighbors and share a common driveway. The parties' respective properties were once part of the same parcel, which was owned by Major Johnson, Jr. Mr. Stafford acquired his property on February 18, 1998 from Donald Johnson, who acquired the property from Major Johnson, Jr. Mr. Branan acquired his property on June 30, 2015 from Kelly Angel, who acquired the property from Donald Pendergrass, who acquired the property from Major Johnson, Jr. It is undisputed that none of the deeds provide for an easement of any kind over Mr. Branan's property. Before Mr. Branan purchased his property, Mr. Stafford erected a garage, which he then accessed by use of the common driveway. After Mr. Branan acquired the adjoining property, a dispute arose concerning the use of the common

driveway arose. In March 2017, Mr. Branan erected a fence, which precluded Mr. Stafford from accessing his garage by the common driveway. Trial exhibit 17 contains two photos—one showing the shared driveway before Mr. Branan erected the fence and the other showing the location of the fence:



On April 7, 2017, Mr. Stafford filed a "Petition to Restrain Defendant for Obstructing Community Drive /Shared Drive" against Mr. Branan. In the petition, Mr.

- 2 -

Stafford averred that Mr. Branan had "erected a fence[, within] which is [contained] a community drive or shared drive," thus precluding Mr. Stafford from "pulling into his garage which is attached to his home." It is undisputed that the fence lies only on property owned by Mr. Branan. In his petition, Mr. Stafford asked the trial court to enjoin Mr. Branan to remove the fence and to enjoin him from further interference with Mr. Stafford's use of the driveway. On May 16, 2017, Mr. Branan filed an answer, wherein he denied "the existence of a community or shared drive" and "that a fence has been constructed on any property in which [Mr. Stafford] possess[es] any right or interest."

Following a hearing on October 9, 2017, the trial court entered an order on December 14, 2017, wherein it awarded Mr. Stafford "an easement by implication . . . across the drive." The trial court further enjoined Mr. Branan "from obstructing [Mr. Stafford's] access to his garage." The order specifies

> [t]hat the portion of the fence approximately thirty two (32) feet from the end of the fence to the first post from the gate which is marked as Exhibit 14 shall be removed which is blocking the common/shared drive and [Mr. Branan] and/or his agent be permanently enjoined from interfering with [Mr. Stafford's] use of the common/shared drive. It is further ordered that [Mr. Stafford], his tenants, guest, occupants and/or agents shall be permanently enjoined from parting on [Mr. Branan's] portion of the shared drive which is currently marked by a line drawn on the concrete.

Mr. Branan appeals.

## II. Issue

The sole issue for review is whether the trial court erred in finding an easement by implication in favor of Mr. Stafford.

## III. Standard of Review

Because this case was tried by the trial court, sitting without a jury, we review the trial court's findings of fact de novo on the record with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). However, no presumption of correctness attaches to the trial court's conclusions of law, and our review is de novo. *Kelly v. Kelly*, 445 S.W.3d 685, 692 (Tenn. 2014) (citing *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013)).

## IV. Analysis

To establish an easement by implication, the party asserting the easement has the

burden of proving the following three elements by a preponderance of the evidence:

> (1) A separation of title; (2) necessity that before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be permanent; and (3) necessity that the easement be essential to the beneficial enjoyment of the land granted or retained.

*Newman v. Woodard*, 288 S.W.3d 862, 866 (Tenn. Ct. App. 2008) (citing *Fowler v. Wilbanks*, 48 S.W.3d 738, 741 (Tenn. Ct. App. 2000)). "The reasoning behind implied easements is that a grantor intends to include in a conveyance whatever is necessary for the beneficial use and enjoyment of the property conveyed." *Adcock v. Witcher*, No. 01-A-01-9505-CH00220, 1995 WL 675852, at *4 (Tenn. Ct. App. Nov. 15, 1995). However, the law does not favor implied easements, and "the courts of this state have expressed a policy in favor of restricting the use of the doctrine." *Cellco P'Ship v. Shelby Cnty*., 172 S.W.3d 574, 589 (Tenn. Ct. App. 2005) (citing *Cole v. Dych*, 535 S.W.2d 315, 318 (Tenn. 1976)).

In this case, the parties do not dispute that the first two elements required for an implied easement exist. The third element, i.e., whether the purported easement is necessary and essential to the beneficial enjoyment of Appellee's land, is in dispute. We will limit our discussion to this third element.

In determining whether an easement is necessary to the beneficial enjoyment of an individual's lands, "Tennessee does not ... require strict or absolute necessity[.]" *Newman*, 288 S.W.3d at 866 (citing *Fowler*, 48 S.W.3d at 740). Instead, we have interpreted the term "necessity" as meaning "reasonably necessary" for the enjoyment of the dominant tenement. *Fowler*, 48 S.W.3d at 741 (citing *Line v. Miller*, 309 S.W.2d 376, 377 (Tenn. Ct. App. 1957); *Johnson v. Headrick*, 237 S.W.2d 567, 570 (Tenn. Ct. App. 1948)). "Under this rule, the easement must be of such necessity that it is presumed to have been within the contemplation of the parties at the time of the severance." *Rhoades v. Taylor*, No. M2001-00643-COA-R3-CV, 2003 WL 724672, at *5 (Tenn. Ct. App. March 4, 2003) (citing *LaRue v. Greene Cnty. Bank*, 166 S.W.2d 1044, 1049 (Tenn. 1942); *Line*, 309 S.W.2d at 377; *Johnson*, 237 S.W.2d at 570).

In his appellate brief, Mr. Branan contends that "[t]he driveway is not reasonably necessary to the beneficial enjoyment of [Mr. Stafford's] property. The erection of the fence does not prohibit [Mr. Stafford] from using and enjoying his property. Despite the erection of the fence, [Mr. Stafford] continues to be able to use his property consistent with its purpose for ingress and egress. [Mr. Stafford] is able to use the driveway to park his vehicles. . . ."

Concerning Mr. Stafford's complaint that the fence renders him unable to drive a vehicle into his garage, Mr. Branan contends that Mr. Stafford did not build the garage until 2000. As such, Mr. Branan contends that Mr. Stafford "created the restrictions related to the garage and boundary lines. . . ., [and Mr. Stafford] had knowledge of the location of the driveway and property lines at the time he constructed the garage creating the angle that restricts his enjoyment of the property at issue." As noted above, Mr. Stafford constructed the garage in 2000; by all accounts, there were no complaints from Mr. Branan's predecessors in title concerning Mr. Stafford's using the common driveway for ingress/egress to and from the garage from 2000 until 2015. In 2015, Mr. Branan bought the adjoining property and began to dispute Mr. Stafford's use of the driveway. Mr. Stafford continued to use the driveway to access the garage until 2017, when Mr. Branan erected the fence. With due respect to Mr. Branan's arguments, the question of when and by whom the garage was built is not dispositive of the issue of whether an easement by implication is created. Here, the sole question is whether the easement is "essential to [Mr. Stafford's] beneficial enjoyment of the land granted or retained." *Newman*, 288 S.W.3d at 866. We now turn to that question.

The record contains no transcript of evidence, but does contain a statement of the evidence approved by the trial court. Tenn. R. App. P. 24(c). As indicated above, the party asserting the presence of an easement [i.e., Mr. Stafford] bears the burden of proving the required elements by a preponderance of the evidence. *Newman*, 288 S.W.3d at 866. Turning to the statement of the evidence, Mr. Major Johnson, Jr. testified that, "when he built the houses he intended for the existing driveway to be a common drive servicing both homes." Mr. Johnson further testified that "the only way the houses and garages attach[ed] to the houses could be accessed was through the use of the common drive." Mr. Donald Johnson, Mr. Stafford's immediate predecessor in title, testified that "Major Johnson, his Grantor, told him that the driveway was a common driveway and should not be obstructed so as to interfere with the use of the driveway by [the owner of the adjacent property]." Donald Johnson further stated that, while he lived next to Mr. Stafford, he and Mr. Stafford "used the driveway servicing each house as a common driveway." Mr. Branan's predecessor in title, Mr. Angel, testified likewise. He stated that "he considered the drive as a common drive and treated it as such." Mr. Angel further stated that "it is obvious both [properties] need[] the driveway" and that "the subdivision was designed and laid out so that the drive would be used as a common drive." We agree. As discussed above, "[t]he reasoning behind implied easements is that a grantor intends to include in a conveyance whatever is necessary for the beneficial use and enjoyment of the property conveyed." *Adcock* 1995 WL 675852, at *4. Furthermore, "the easement must be of such necessity that it is presumed to have been within the contemplation of the parties at the time of the severance." *Rhoades*, 2003 WL 724672, at *5 (Tenn. Ct. App. March 4, 2003). Here, the owner at the time of the severance, i.e., Mr. Major Johnson, Jr., testified that "he intended for the existing driveway to be a common drive servicing both homes" because "the position of the houses was such that the only way the . . .garages attach[ed] to the houses could be

accessed was through the use of the common drive." In other words, at the time of the severance, Mr. Johnson saw the necessity for both properties to have access to the improvements thereon by way of the common driveway. Mr. Johnson's testimony further establishes that the only means of access from the street to Mr. Stafford's garage is by the driveway. From the photos above, one can clearly see that the left fork of the common driveway services Mr. Stafford's property, while the right fork services Mr. Branan's property. This fact corroborates Mr. Johnson's testimony concerning the need for access to both properties by the common driveway. Indeed, there is no evidence of any way, other than the shared driveway, for Mr. Stafford to access his garage from the street. From the record and the statement of the evidence, we conclude that Mr. Stafford has met his burden to establish an easement by implication along the common driveway.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Matthew L. Branan and his surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE
